Stefan Coleman, *Trial Counsel*
Florida Bar No. 30188
LAW OFFICES OF STEFAN COLEMAN
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Email: law@stefancoleman.com

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff*



2013 MAY 29 PM 12: 02 FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:13-CV-827-ORL-36 TBS

AMPARITO GONZALEZ, individually and on
behalf of all others similarly situated,

           Plaintiff,

v.

ETOURANDTRAVEL, INC., a Florida
corporation; KOSMAS GROUP
INTERNATIONAL, INC., a Florida corporation;
STEVEN P. KOSMAS, individually; and
J. LANCE CROFT, individually,

           Defendants.
_____/

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

Plaintiff Amparito Gonzalez ("Plaintiff"), by her undersigned attorneys, for this class action complaint against Defendants Etourandtravel, Inc., Kosmas Group International, Inc., Steven P. Kosmas, and J. Lance Croft, and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (collectively "Defendants"), allege as follows:

## I. INTRODUCTION

1.1 Nature of Action. Plaintiff, individually and as a class representative for all similarly situated persons in the United States who have received automated telephone calls and calls using artificial or prerecorded voices to their cellular telephones made by or on behalf of Defendants and marketing Defendants' services and timeshare products, bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## II. JURISDICTION AND VENUE

2.1 Subject Matter Jurisdiction. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

2.2 Personal Jurisdiction. This Court has personal jurisdiction over Defendants because they do business in Florida and many of the wrongful acts alleged in this Complaint were committed in Florida.

2.3 Venue. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

## III. PARTIES

3.1 Plaintiff Amparito Gonzalez. Plaintiff is a citizen of New Jersey, residing in Harrison, New Jersey.

3.2     Defendant Etourandtravel, Inc. Defendant Etourandtravel, Inc. ("Etourandtravel") is a Florida corporation with its principal office in Orlando, Florida.

3.3     Defendant Kosmas Group International, Inc. Defendant Kosmas Group International, Inc. ("KGI") is a Florida corporation with its principal office in Orlando, Florida. Upon information and belief, KGI is among the top 25 timeshare operators in the United States.

3.4     Defendant Steven P. Kosmas. Defendant Steven P. Kosmas is an individual resident of the State of Florida. Defendant Kosmas is a Vice President and Director of Etourandtravel, and the President and Director of KGI.

3.5     Defendant J. Lance Croft. Defendant J. Lance Croft is the Chief Operating Officer, Vice President, and Director of Etourandtravel, and a Vice President of Information Technologies, Treasurer, Director, General Partner and Chief Operating Officer of KGI.

3.6     Alter Ego and Acting in Concert. On information and belief, Defendants Etourandtravel, KGI, Steven P. Kosmas, and J. Lance Croft are alter egos of each other, and a unity of interest and ownership exists between the Defendants such that any separateness has ceased to exist, there is a commingling of property rights or interests such that Defendants function as one, and Defendants have acted in concert in doing the things alleged herein. In addition, upon information and belief, the conduct that gives rise to the claims for relief alleged herein was committed by, or on behalf of, each Defendant and harmed Plaintiff and the proposed Classes. Therefore, to avoid an unjustified loss to Plaintiff and the Classes, or to avoid oppression, fraud, and inequity, recognition of Defendants' separate corporate status should be disregarded.

3.7     Defendants Etourandtravel and KGI share common directors and officers, including Defendants Steven P. Kosmas and J. Lance Croft. Defendants Etourandtravel

and KGI are both located in the same building, at 3626 Quadrangle Blvd, Orlando, Florida. Defendant Etourandtravel identifies its Suite number as "Suite 300 Main entrance" for certain purposes, including its recruiting website www.workingknights.com, which is the same Suite number at 3626 Quadrangle Blvd. that is identified in KGI's most recent Annual Report filed with the Florida Secretary of State. According to one of its websites, etourandtravelbrokers.com, "ETourandTravel is the exclusive fulfillment and tour provider for KGI Resorts." Etourandtravel and KGI maintain a common root server, domain registration, administration and hosting for many websites used in their business, including www.etourandtravel.com, www.kgiresorts.com, www.coconutsuites.com, www.etravelflorida.com, www.evacationflorida.com, www.etourflorida.com, www.etourandtravelbrokers.com, and www.cottagesatflagler.com. Defendant J. Lance Croft also maintains what appears to be a personal website, www.lancecroft.com, using the same root server, root server, domain registration, administration and hosting as used by Etourandtravel and KGI for their business websites. Etourandtravel and KGI both route their emails through the domain "kosmasgroup.com." Etourandtravel and KGI use telemarketing equipment provided by Noble Systems. According to the website maintained by Noble Systems, www.noblesys.com/Files/PDF/Industries_Solutions/SS/SS_KosmasGroup.pdf, KGI "owns and operates eTourandTravel.com."

3.8  Personal Participation, Direction and/or Authorization. On information and belief, Defendants Steven P. Kosmas and J. Lance Croft directly and personally participated in, directed and/or authorized the conduct constituting the statutory violations alleged herein. On information and belief, Defendants Steven P. Kosmas and J. Lance Croft established and/or approved Defendants' policies and practices, oversaw operations and were directly involved in the business practices that violated the TCPA.

Defendant J. Lance Croft has particularly in-depth knowledge of the technical aspects of Defendants' telemarketing program, as revealed on the website of Defendants' telemarketing equipment vendor, Noble Systems. Defendant J. Lance Croft is quoted by Noble Systems as stating that Noble Systems' equipment allows Defendants to "extend the dialer" to "remote sites and agents" for the purpose of selling vacation packages.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

4.1     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

4.3     The Federal Communications Commission ("FCC"), which is the agency charged with interpreting and enforcing the TCPA, has promulgated regulations under the TCPA at 47 C.F.R. § § 64.1200(d) that make it unlawful "to initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." Under 47 C.F.R. § § 64.1200(d)(6), such "do-not-call" requests must be honored for five years. A person who has received more than one telephone call in violation of 47 C.F.R. § § 64.1200(d) within any 12-month period can seek statutory damages, which may be trebled if the violation is knowing and/or willful. *See* 47 U.S.C. § 227(c)(5).

4.4     FCC-promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

4.5     The FCC confirmed this principle in 2005, when it explained that "a company on whose behalf a telephone solicitation is made bears the responsibility for violation of our telemarketing rules and calls placed by a third party on behalf of that company are treated as if the company itself placed the call." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

## V. FACTUAL ALLEGATIONS

5.1     Defendants are in the business of timeshare sales and vacation travel packages.

5.2     Defendants engage in telemarketing from their call center using an automatic telephone dialing system to contact potential customers who have not consented to receive telephone calls on their cellular telephones. Defendants also rely upon outside telemarketers to generate sales. Defendants use equipment and software from Noble Systems, which has the capacity to store or produce telephone numbers to be called and includes auto-dialers and predictive dialers. Defendants use such equipment to call thousands of individuals per day in the United States. Defendants also make calls using an artificial or prerecorded voice to cellular telephones whose owners have not consented to receive such calls.

5.3     Plaintiff began receiving automated calls from Defendants on her cellular telephone beginning on October 15, 2012. Plaintiff believes that the initial call may have

been made by Defendants using an artificial voice. Plaintiff continued to receive numerous calls from Defendants thereafter several times per week. In October 2012, Plaintiff requested that Defendants stop calling her, to no avail. Plaintiff continued to receive automated calls from Defendants after requesting that they stop calling, including on November 14, 2012 and December 3, 2012.

## VI. CLASS ACTION ALLEGATIONS

6.1     Class Definition: Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of two Classes of persons defined as follows:

> Class I: All persons in the United States who received a non-emergency call on their cellular telephones initiated through the use of an automatic telephone dialing system or an artificial or prerecorded voice by or on behalf of Defendants, without the recipient's prior express consent, at any time in the period that begins four years from the date of this complaint to trial.

> Class II: All persons in the United States who, more than 30 days after requesting not to receive further telemarketing calls, received two or more telemarketing calls by or on behalf of Defendants, at any time in the period that begins four years from the date of this complaint to trial.

Excluded from the Classes are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

6.2     <u>Numerosity</u>.  The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes have more than 1,000 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

6.3     Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

   a.     Whether Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf negligently violated 47 U.S.C. § 227(b)(1)(A);

   b.     Whether Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A), thus entitling Plaintiff and Class I to treble damages;

   c.     Whether the equipment Defendants used to make the calls is an automatic telephone dialing system as defined by the TCPA;

   d.     Whether Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf violated 47 C.F.R. § 64.1200(d) by, among other things, failing to maintain a record of do-not-call requests from members of Class II and failing honor such do-not-call requests;

   e.     Whether Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA in the future.

6.4     Typicality. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

6.5     Adequacy. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed

to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

6.6 Predominance. Defendants have engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

6.7 Superiority. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

6.8 Injunctive and Declaratory Relief Appropriate. Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the calls illegally made by Defendants and/or their affiliates, agents and/or other persons or entities acting on

Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII. FIRST CLAIM FOR RELIEF
### (NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(1)(A) – CLASS I)

7.1  Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7.2  The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

7.3  As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's negligent violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of Class I are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

7.4  Plaintiff and members of Class I are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## VIII. SECOND CLAIM FOR RELIEF
### (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(1)(A) – CLASS I)

8.1  Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

8.2 The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

8.3 As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of Class I are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

8.4 Plaintiff and members of Class I are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## IX. THIRD CLAIM FOR RELIEF
### (NEGLIGENT VIOLATIONS OF 47 C.F.R. § 64.1200(D) DO-NOT-CALL LIST – CLASS II)

9.1 Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

9.2 The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple negligent violations of 47 C.F.R. § 64.1200(d), including failure to properly record no-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not call requests.

9.3 As a result of negligent violations of 47 C.F.R. § 64.1200(d) by Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf, Plaintiff and members of Class II are entitled to an award of $500 in

statutory damages for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

9.4  Plaintiff and members of Class II are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## X. FOURTH CLAIM FOR RELIEF
### (KNOWING AND/OR WILLFUL VIOLATIONS OF 47 C.F.R. § 64.1200(D) DO-NOT-CALL LIST – CLASS II)

10.1  Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

10.2  The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), including failure to properly record no-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not call requests.

10.3  As a result of the knowing and/or willful violations of 47 C.F.R. § 64.1200(d) by Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf, Plaintiff and members of Class II are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5).

10.4  Plaintiff and members of Class II are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Classes, pray for judgment against Defendants as follows:

A. Certification of the proposed Classes;

B. Appoint Plaintiff as representative of the Classes;

C. Appoint the undersigned counsel as counsel for the Classes;

D. Declare that Defendants and/or their affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

E. Enjoin Defendants and/or their affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. Award Plaintiff and the Classes statutory, compensatory and exemplary damages, as allowed by law;

G. Award Plaintiff and the Class attorneys' fees and costs, as allowed by law and/or equity;

H. Permit Plaintiff and the Classes leave to amend the Complaint to conform to the evidence presented at trial;

I. A trial by jury on all issues so triable; and

J. Grant such other and further relief as the Court deems necessary, just, and proper.

## XII. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of May, 2013.

LAW OFFICES OF STEFAN COLEMAN

By: _____
Stefan Coleman, *Trial Counsel*
Florida Bar No. 30188
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Email: law@stefancoleman.com

Beth E. Terrell, *Trial Counsel*
 (Pro Hac Vice Motion to be Filed)
Michael D. Daudt, *Trial Counsel*
 (Pro Hac Vice Motion to be Filed)
TERRELL MARSHALL DAUDT
 & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: bterrell@tmdwlaw.com
Email: mdaudt@tmdwlaw.com

*Attorneys for Plaintiff*