IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMPARITO GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ETOURANDTRAVEL, INC., a Florida corporation; KOSMAS GROUP INTERNATIONAL, INC., a Florida corporation; STEVEN P. KOSMAS, individually; and J. LANCE CROFT, individually,<br><br>Defendants. | Case No.<br>6:13-cv-00827-CEH-TBS |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants ETOURANDTRAVEL, INC. ("ETT"), Kosmas Group International, Inc. ("KGI"), Steven P. Kosmas ("Kosmas") and J. Lance Croft ("Croft") (with ETT, KGI, Kosmas and Croft being hereinafter collectively referred to as "Defendants"), subject to the defenses set forth herein, answer the individually numbered paragraphs of Plaintiff's Class Action Complaint for Damages and Injunctive Relief and Demand for Jury Trial ("Complaint") as follows:

### I. INTRODUCTION

1. In response to the allegations contained in Paragraph 1.1 of Plaintiff's Complaint, Defendants deny that Plaintiff has any cause of action to assert (either

individually or as a class representative) and further deny any violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") occurred as alleged by Plaintiff.

## II. JURISDICTION AND VENUE

2. In response to the allegations contained in Paragraph 2.1 of Plaintiff's Complaint, Defendants deny that Plaintiff can state any valid claims under the TCPA, and, accordingly, Defendants deny that this Court has any jurisdiction over such claims.

3. Defendants deny the allegations contained in Paragraph 2.2 of Plaintiff's Complaint. Defendants specifically deny that any "wrongful act" was committed by them in Florida or elsewhere.

4. In response to the allegations contained in Paragraph 2.3 of Plaintiff's Complaint, Defendants admit only that they reside in this District.

## III. PARTIES

5. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3.1 of Plaintiff's Complaint. Accordingly, Defendants must hereby deny said allegations.

6. Defendants admit the allegations contained in Paragraph 3.2 of Plaintiff's Complaint.

7. Defendants admit that KGI is a Florida corporation with its principal office in Orlando, Florida. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 3.3 of Plaintiff's Complaint – specifically as to what constitutes Plaintiff's "information and belief." Accordingly, Defendants must hereby deny said remaining allegations.

8. Defendants admit the allegations contained in Paragraph 3.4 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in Paragraph 3.5 of Plaintiff's Complaint.

10. Defendants deny the allegations contained in Paragraph 3.6 of Plaintiff's Complaint.

11. In response to the allegations contained in Paragraph 3.7 of Plaintiff's Complaint, Defendants admit that some of ETT's and KGI's directors and officers are common and that ETT and KGI have offices located in the same building. Defendants are without knowledge or information sufficient to form a belief as to the "root servers," "administration" and "hosting" of the websites referenced in Paragraph 3.7 of Plaintiff's Complaint and must therefore deny same. By way of further response, Defendants state that the content of any website and/or Annual Report filed with the Secretary of State speaks for itself and deny the allegations contained in Paragraph 3.7 of Plaintiff's Complaint to the extent such allegations differ from the content of such website(s) and/or Annual Report(s) filed with the Secretary of State.

12. Defendants deny the allegations contained in Paragraph 3.8 of Plaintiff's Complaint. By way of further response, Defendants state that the content of any website speaks for itself and deny the allegations contained in Paragraph 3.8 of Plaintiff's Complaint to the extent such allegations differ from the content of such website(s).

### IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

13. Defendants deny the allegations set forth in Paragraph 4.1 of Plaintiff's Complaint.

14. In response to Paragraph 4.2 of Plaintiff's Complaint, Defendants state that the terms of the TCPA speak for themselves and deny the allegations contained in Paragraph 4.2 of Plaintiff's Complaint to the extent such allegations differ from the terms of the TCPA.

15. In response to Paragraph 4.3 of Plaintiff's Complaint, Defendants state that the terms of the cited regulations speak for themselves and deny the allegations contained in Paragraph 4.3 of Plaintiff's Complaint to the extent such allegations differ from the terms of the cited regulations.

16. In response to Paragraph 4.4 of Plaintiff's Complaint, Defendants state that the terms of the cited regulations speak for themselves and deny the allegations contained in Paragraph 4.4 of Plaintiff's Complaint to the extent such allegations differ from the terms of the cited regulations.

17. In response to Paragraph 4.5 of Plaintiff's Complaint, Defendants state that the terms of the FCC cited declaratory ruling speaks for itself and deny the allegations contained in Paragraph 4.5 of Plaintiff's Complaint to the extent such allegations differ from the cited FCC declaratory ruling.

## V.   FACTUAL ALLEGATIONS

18. In response to the allegations contained in Paragraph 5.1 of Plaintiff's Complaint, Defendants admit that they "are in the business" of timeshare sales and vacation travel packages -- pursuant to their respective understandings of what constitutes being "in the business" of those activities.

19. In response to the allegations contained in Paragraph 5.2 of Plaintiff's Complaint, Defendants Kosmas and Croft deny such allegations in their entirety. The remaining Defendants admit that they have, at times, used independent third party contractors to generate sales, but deny that they "rely" on such third parties to generate sales. The remaining Defendants further admit that they use software/equipment from Noble Systems but deny the remaining allegations contained in Paragraph 5.2 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in Paragraph 5.3 of Plaintiff's Complaint.

### VI.   CLASS ACTION ALLEGATIONS

21. In response to Paragraph 6.1 of Plaintiff's Complaint, Defendants state that Fed.R.Civ.P. 23 speaks for itself and denies the allegations contained in Paragraph 6.1 that Plaintiff can bring a class action on behalf of any person within Class I or Class II as alleged, and further deny that any basis exists upon which Plaintiff can bring any claim against the Defendants.

22. Defendants deny the allegations contained in Paragraph 6.2 of Plaintiff's Complaint; and specifically deny that Plaintiff can act as a purported class representative in this case on behalf of any person within Class I or Class II as alleged.

23. Defendants deny the allegations contained in Paragraph 6.3 of Plaintiff's Complaint; and specifically deny that Plaintiff can act as a purported class representative in this case on behalf of any person within Class I or Class II as alleged.

24. Defendants deny the allegations contained in Paragraph 6.4 of Plaintiff's Complaint; and specifically deny that Plaintiff can act as a purported class representative in this case on behalf of any person within Class I or Class II as alleged.

25. Defendants deny the allegations contained in Paragraph 6.5 of Plaintiff's Complaint; and specifically deny that Plaintiff can act as a purported class representative in this case on behalf of any person within Class I or Class II as alleged.

26. Defendants deny the allegations contained in Paragraph 6.6 of Plaintiff's Complaint; and specifically deny that Plaintiff can act as a purported class representative in this case on behalf of any person within Class I or Class II as alleged.

27. Defendants deny the allegations contained in Paragraph 6.7 of Plaintiff's Complaint; and specifically deny that Plaintiff can act as a purported class representative in this case on behalf of any person within Class I or Class II as alleged.

28. Defendants deny the allegations contained in Paragraph 6.8 of Plaintiff's Complaint; and specifically deny that Plaintiff can act as a purported class representative in this case on behalf of any person within Class I or Class II as alleged.

### VII.   FIRST CLAIM FOR RELIEF

**(ALLEGED NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(1)(A) – CLASS 1)**

29. In response to Paragraph 7.1 of Plaintiff's Complaint, Defendants repeat and re-allege each of their responses to Paragraphs 1.1 through 6.8 in full as if set forth verbatim herein.

30. Defendants deny the allegations contained in Paragraph 7.2 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 7.3 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in Paragraph 7.4 of Plaintiff's Complaint.

## VIII.   SECOND CLAIM FOR RELIEF

### (ALLEGED KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B)(1)(A) – CLASS I)

33. In response to Paragraph 8.1 of Plaintiff's Complaint, Defendants repeat and re-allege each of their responses set forth in the preceding Paragraphs in full as if set forth verbatim herein.

34. Defendants deny the allegations contained in Paragraph 8.2 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 8.3 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 8.4 of Plaintiff's Complaint.

## IX. THIRD CLAIM FOR RELIEF

### (ALLEGED NEGLIGENT VIOLATIONS OF 47 C.F.R. § 64.1200(D) DO-NOT-CALL LIST – CLASS II)

37. In response to Paragraph 9.1 of Plaintiff's Complaint, Defendants repeat and re-allege each of their responses set forth in the preceding Paragraphs in full as if set forth verbatim herein.

38. Defendants deny the allegations contained in Paragraph 9.2 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 9.3 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 9.4 of Plaintiff's Complaint.

## X. FOURTH CLAIM FOR RELIEF

### (ALLEGED KNOWING AND/OR WILLFUL VIOLATIONS OF 47 C.F.R. § 64.1200(D) DO-NOT-CALL LIST – CLASS II)

41. In response to Paragraph 10.1 of Plaintiff's Complaint, Defendants repeat and re-allege each of their responses set forth in the preceding Paragraphs in full as if set forth verbatim herein.

42. Defendants deny the allegations contained in Paragraph 10.2 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 10.3 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 10.4 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

45. Defendants deny that Plaintiff is entitled to any of the relief she seeks in connection with this case, including the relief listed by Plaintiff in Article XI entitled "Prayer For Relief" sections A through J of Plaintiff's Complaint. Defendants further deny that Plaintiff is a qualified class representative or that class action certification is appropriate in this civil action.

## GENERAL DENIAL

46. All other allegations, claims, and prayers contained in Plaintiff's Complaint that have not been specifically admitted or denied are hereby denied in their entirety.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

47. Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff is a former customer of the Defendants who purchased a travel package and other services. Plaintiff provided her consent for the Defendants to contact her and no violations of the TCPA, 47 U.S.C. §227(B)(1)(A) could, therefore, have occurred as alleged. In addition, any calls made to Plaintiff by any of the Defendants did not involve any "telemarketing activities" under the TCPA. Defendants' calls to the Plaintiff, in fact, involved an attempt to collect money that Plaintiff owed. When Plaintiff requested Defendants to cease making any further calls to her concerning the sums she owed, Defendants honored that request and no

additional calls were subsequently placed. Plaintiff, therefore, has no claim against the Defendants for violations of 47 C.F.R. §64.1200(D), Do-Not-Call List.

### SECOND DEFENSE

48. Plaintiff's claims are barred to the extent they involve transactions or events or seek damages for periods of time outside the applicable statute of limitations for such claims.

### THIRD DEFENSE

49. Plaintiff's claims are barred, in whole or in part, because Plaintiff is estopped by Plaintiff's own conduct from recovery on the alleged claims since Plaintiff is a former customer of the Defendants.

### FOURTH DEFENSE

50. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring the alleged claims. Defendants did not contact the Plaintiff for any telemarketing purpose as contemplated by the TCPA and Plaintiff provided her consent for Defendants to call her.

### FIFTH DEFENSE

51. Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to Defendants' alleged acts and/or omissions. Plaintiff is a former customer of the Defendants and provided consent for Defendants to contact her.

### SIXTH DEFENSE

52. Plaintiff's claims are barred, in whole or in part, because Defendants' alleged acts and/or omissions were justified and authorized.

## SEVENTH DEFENSE

53. With respect to Plaintiff's claims for violations of 47 C.F.R. §64.1200(D), Do-Not-Call List, any contact between the Defendants and the Plaintiff as alleged in the Complaint was unrelated to and did not involve any telemarketing activities as contemplated by the TCPA.

## EIGHTH DEFENSE

54. The provisions of 47 C.F.R. §64.1200(D), Do-Not-Call List do not apply to the acts, occurrences, or omissions alleged within Plaintiff's Complaint as no sale of any product or service was attempted or completed on the telephone. Further, Defendants have satisfied the requirements in accordance with the "Safe Harbor Provisions" of the TCPA, contained in Section 227(c)(5) of the TCPA. Therefore, Defendants are exempt from liability under the TCPA with respect to any claims brought under 47 C.F.R. §64.1200(D), Do-Not-Call List.

## CLASS ACTION DEFENSES

## FIRST CLASS ACTION DEFENSE

55. Plaintiff's Complaint is barred to the extent that it purports to bring claims on behalf of any individuals other than the named Plaintiff, Amparito Gonzalez, because Amparito Gonzalez is the only named Plaintiff and the Complaint fails to state a claim for class action certification pursuant to Fed. R. Civ. P. 23.

## SECOND CLASS ACTION DEFENSE

56. Claims of putative class members are barred by applicable statutes of limitations.

11

### THIRD CLASS ACTION DEFENSE

57.     The putative class should not be certified because the class definition in paragraph 6.1 of the Complaint is overbroad and insufficiently specific to identify class members especially in light of Plaintiff's status as a former customer of the Defendants.

### FOURTH CLASS ACTION DEFENSE

58.     The putative class should not be certified because this case would be unmanageable if the class defined in paragraph 6.1 of the Complaint were to be certified.

### FIFTH CLASS ACTION DEFENSE

59.     The putative class should not be certified because common issues of law and fact do not exist, as required by Fed.R.Civ.P.23(a)(2).

### SIXTH CLASS ACTION DEFENSE

60.     The putative class should not be certified because the claims of the named Plaintiff are not typical, as required by Fed.R.Civ.P.23(a)(3).

### SEVENTH CLASS ACTION DEFENSE

61.     The putative class should not be certified because the named Plaintiff is not an adequate class representative as required by Fed.R.Civ.P.23(a)(4) and Plaintiff does not represent the putative class defined in paragraph 6.1 of the Complaint.

### EIGHTH CLASS ACTION DEFENSE

62.     The putative class should not be certified because common questions of law and fact do not predominate over individual questions, as required by Fed.R.Civ.P.23(b)(3).

### NINTH CLASS ACTION DEFENSE

63. A putative class asserting claims for violations of the TCPA, 47 U.S.C. §227(B)(1)(A) alleged in the First and Second Claims for Relief should not be certified because individual questions regarding whether or not class members are or were customers of the Defendants or were contacted by the Defendants in violation of the TCPA predominate issues common to the class.

### TENTH CLASS ACTION DEFENSE

64. A putative class asserting claims for violations of 47 U.S.C. §64.1200(D), Do-Not-Call List as alleged in the Third and Fourth Claims for Relief should not be certified because individual questions regarding whether putative class members instructed the Defendants not to call them and whether more than one telephone call was made by the Defendants to a class member within "any 12 month period" predominate over issues common to the class.

### ELEVENTH CLASS ACTION DEFENSE

65. A class action should not be certified because a class action is not the superior method to adjudicate the controversy since the facts and circumstances relating to the putative class members asserting claims for violations of the TCPA shall differ from class member to class member.

### CONCLUSION

WHEREFORE, Defendants demand dismissal of Plaintiff's Complaint and request judgment in their favor and against Plaintiff, with all costs and reasonable attorney's fees assessed against Plaintiff.

Respectfully submitted.

/s/ K. Michael Swann
K. MICHAEL SWANN, ESQUIRE
Florida Bar No. 0442410
E-Mail: mswann@srslaw.net
SNYDERBURN, RISHOI & SWANN LLP
258 Southhall Lane, Suite 420
Maitland, Florida 32751
Telephone: (407) 647-2005
Facsimile: (407) 647-1522

*Trial Counsel for Defendants*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 19, 2013, the undersigned counsel caused to be electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on:

Stefan Coleman, Esquire
Laws Offices of Stefan Coleman
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
E-Mail: law@stefancoleman.com

Beth E. Terrell, Esquire
Michael D. Daudt, Esquire
Terrell Marshall Daudt & Willie PLLC
936 North 34th Street – Suite 400
Seattle, Washington 98103
bterrell@tmdwlaw.com
mdaudt@tmdwlaw.com

                                                    /s/ K. Michael Swann
                                               K. MICHAEL SWANN, ESQUIRE