IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:13-cv-827-Orl-36TBS

AMPARITO GONZALEZ, individually and on
behalf of all others similarly situated,

                    Plaintiff,

        v.

ETOURANDTRAVEL, INC., a Florida
corporation; KOSMAS GROUP
INTERNATIONAL, INC., a Florida corporation;
STEVEN P. KOSMAS, individually; and
J. LANCE CROFT, individually,

                    Defendants.
_____/

**PLAINTIFF AMPARITO GONZALEZ'S MOTION TO COMPEL
INTERROGATORY ANSWERS, AND INCORPORATED
MEMORANDUM OF LAW AND LOCAL RULE 3.01(G) CERTIFICATE**

**TABLE OF CONTENTS**

**Page No.**

A.    Requested Relief ................................................................ 1

B.    Background Facts ............................................................... 1

    1.    Claims and Defenses ................................................... 1

    2.    Summary of Gonzalez's Discovery Requests and ETourandTravel's
    Responses ................................................................ 3

C.    Rules Governing Discovery .................................................. 4

    1.    Discovery Concerning Class Certification Issues Is Appropriate ............ 4

    2.    "Trade Secret" Information is Not Exempt from Discovery ................... 5

D.    Gonzalez Moves this Court to Compel ETourandTravel to Answer the
Following Interrogatories ........................................................ 6

E.    Conclusion ..................................................................... 19

LOCAL RULE 3.01(G) CERTIFICATE ................................................ 19

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Bailey Indus., Inc. v. CLJP, Inc.*,
  270 F.R.D. 662 (N.D. Fla. 2010) .......................................................................... 6

*Bruhl v. Pricewaterhouse Coopers International*,
  No. 03-23044-Civ., 2008 WL 2949507
  (S.D. Fla. July 29, 2008) ............................................................ 10, 14, 15, 17, 19

*Dean v. Anderson*,
  No. 01-2599-JAR, 2002 WL 1377729 (D. Kan. June 6, 2002) ........................... 6

*Hermosilla v. Coca-Cola Co.*,
  No. 10-21418-CIV-MOORE, 2010 WL 5437258 (S.D. Fla. Dec. 27, 2010)..... 19

*Huff v. N.D. Cass Co. of Ala.*,
  468 F.2d 172 (5th Cir. 1972) ........................................................................... 4, 5

*Huff v. N.D. Cass Co. of Ala.*,
  485 F.2d 710 (5th Cir. 1973) .............................................................................. 4

*Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*,
  No. 8:10-CV-2008-T-33TGW, 2011 WL 486123
  (M.D. Fla. Feb. 7, 2011) ...................................................... 9, 10, 14, 15, 17, 18

*Mann v. Healthcare Revenue Recovery Group, LLC*,
  No. 11-61357, 2012 WL 4192987 (S.D. Fla. Sept. 18, 2012) .... 5, 7, 8, 11, 12, 13

*Pepperwood of Naples Condo. Ass'n*, No.
  2:10–cv–753–FtM–36SPC, 2011 WL 3841557 (M.D. Fla. Aug. 29, 2011) ...... 17

## FEDERAL STATUTES

47 U.S.C. § 227(b)(1)(A) ............................................................................................ 8, 11

47 U.S.C. § 227(b)(3) ....................................................................................................... 19

47 U.S.C. § 227(c)(5) ................................................................................................. 16, 17

**FEDERAL RULES**

Fed. R. Civ. P. 26(b)(1).................................................................................................. 5

**OTHER AUTHORITIES**

Newberg on Class Actions § 7:14 (5th ed.) ....................................................................... 5

## A. Requested Relief

Plaintiff Amparito Gonzalez ("Gonzalez"), through her counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves this Court to compel Defendant ETourandTravel, Inc. ("ETourandTravel"), to answer Plaintiff's First Set of Interrogatories as set forth herein.

## B. Background Facts

### 1. Claims and Defenses

ETourandTravel is a travel agency and the marketing arm of Defendant Kosmas Group International, Inc. ("KGI"), which is among the top 25 timeshare operators in the United States. Class Action Complaint for Damages and Injunctive Relief and Demand for Jury Trial ("Complaint") (Dkt. 1) ¶ 3.2-3.7. Beginning in October 2012, Gonzalez began receiving autodialed telephone calls on her cellular telephone from ETourandTravel. Complaint ¶ 5.3. Gonzalez received more than half a dozen such robocalls from ETourandTravel on her cellular telephone from October 2012 through December 2012. Complaint ¶ 5.3. ETourandTravel's robocalls to Gonzalez violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Complaint ¶ 4.2. ETourandTravel also violated the TCPA by failing to honor Gonzalez's request that ETourandTravel stop calling her. Complaint ¶ 4.3. Gonzalez seeks damages and injunctive relief under the TCPA on behalf of herself and as a class representative of others who have been subjected to autodialed telephone calls from ETourandTravel in violation of the TCPA. Complaint ¶ 6.1. This court has not yet determined whether to grant class certification pursuant to Rule 23.

In its answer to the complaint, ETourandTravel alleges eight affirmative defenses to Gonzalez's individual claims, and an additional eleven affirmative defenses that ETourandTravel categorizes as "Class Action Defenses." Defendant's Answer and

Affirmative Defenses ("Answer") (Dkt. 21) ¶¶ 47-65.  In its first affirmative defense to Gonzalez's individual claims, ETourandTravel alleges that the calls to Gonzalez were not "telemarketing" calls.  Instead, according to ETourandTravel, "Defendants' calls to the Plaintiff, in fact, involved an attempt to collect money that Plaintiff owed."  Answer ¶ 47. In support of this defense, ETourandTravel has produced four pages of documents consisting of what appear to be computer screen shots from a database, relating to a travel package purchased by Gonzales *in 2002*—more than *10 years before* the calls at issue. *See* Declaration of Michael Daudt in Support of Plaintiff Amparito Gonzalez's Motions to Compel Interrogatory Answers and Production of Documents Responsive to Requests For Production ("Daudt Decl.") ¶ 2, Exhibit 1.  It is noteworthy that those screen shots show a total balance due of $25.  Daudt Decl. ¶ 2, Exhibit 1.  In other words, ETourandTravel's defense in this case boils down to the dubious proposition that its robocalls to Gonzalez were for the purpose of collecting a 10-year-old, $25 debt. Those screen shots also make reference to "Oasis Travel Group," but there is no reference in any of the screen shots to either ETourandTravel or KGI.

Another affirmative defense to Gonzalez's individual claims alleged by ETourandTravel is that "Defendants have satisfied the requirements in accordance with the 'Safe Harbor Provisions' of the TCPA, contained in Section 227(c)(5) of the TCPA." Answer ¶ 54.  Section 227(c)(5) of the TCPA states in relevant part that "[i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 CFR § 64.1200(d) codifies the "reasonable practices and procedures" that telemarketers must use in connection with do-not-call requests from consumers, including having a written policy for maintaining a do-not-call list, training of personnel

in the existence and use of the do-not-call list, procedures for recording all do-not-call requests, and identification of the caller and the seller on behalf of whom the call was made.

ETourandTravel's "class action defenses" run the gamut of Rule 23 requirements, and include allegations that Gonzalez's claims "are not typical," "Plaintiff does not represent the putative class defined in paragraph 6.1 of the Complaint," and "individual questions regarding whether or not class members are or were customers of the Defendants or were contacted by the Defendants in violation of the TCPA predominate issues common to the class." Answer ¶¶ 60, 61 and 63.

2.     <u>Summary of Gonzalez's Discovery Requests and ETourandTravel's Responses</u>

In response to several of Gonzalez's discovery requests, ETourandTravel refers to a grand total of five pages of documents that it attached to its Initial Disclosures. Daudt Decl. ¶ 2, Exhibit 1. ETourandTravel has produced no documents at all beyond the five pages attached to its Initial Disclosures. Daudt Decl. ¶ 2. Four of those pages consist of the screen shots relating to Gonzalez's travel booked in 2002 with the "Oasis Travel Group" discussed above. The fifth page appears to be another computer screen shot that lists the robocalls that ETourandTravel made to Gonzalez in 2012. Despite the obvious relevance to this case, ETourandTravel has refused to identify or produce any agreements between Oasis Travel Group and ETourandTravel, policies and procedures used by ETourandTravel that would be necessary to prove its "Safe Harbor" defense, and any information concerning calls to other class members.

Despite the fact that there has been no order limiting discovery, ETourandTravel refuses to provide any information relating to calls made to members of the two classes defined in the complaint. In response to most of Gonzalez's interrogatories, ETourandTravel objects to providing any other information that would be relevant to

class certification, including complaints that it has received about its robocalling activities, ETourandTravel's policies and procedures for making robocalls and how it handles requests that it stop calling. As discussed below, ETourandTravel bases those objections on its belief that Gonzalez cannot serve as a class representative, and on the fact that this court has not granted class certification. In contradiction to those objections, ETourandTravel objects to other interrogatories on the grounds that the information sought is "not reasonably related to issues of class certification." In short, ETourandTravel refuses to answer some interrogatories because they relate to class certification issues, and it refuses to answer other interrogatories because they do not relate to class certification issues. The net result of ETourandTravel's "heads I win, tales you lose" approach is that ETourandTravel has provided no information at all beyond that contained in the five pages attached to its Initial Disclosures.

## C. Rules Governing Discovery

### 1. Discovery Concerning Class Certification Issues Is Appropriate

In its discovery responses, ETourandTravel objects to providing any information about calls to class members or other issues relating to class certification, citing *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710 (5th Cir. 1973). Daudt Decl. ¶ 3, Exhibits 2 and 3. In *Huff*, the district court conducted a "preliminary evidentiary hearing on plaintiff's individual claim" while discovery was ongoing. *Huff*, 485 F.2d at 712. On the basis of the evidence presented at the hearing, the district court found that "plaintiff was not a member of the class" that he sought to represent, and therefore he could not serve as the class representative. *Huff*, 485 F.2d at 712. The district court refused to compel the defendant to respond to discovery requests relating to plaintiff's class action allegations, and that refusal was affirmed in light of the fact that the plaintiff could not serve as the class representative. *See Huff v. N.D. Cass Co. of Ala.*, 468 F.2d 172, 177 (5th Cir.

1972), *vacated*, 485 F.2d 710 (5th Cir. 1973). There has been no evidentiary hearing in this case, and no order has been issued concerning the suitability of Gonzalez as a class representative. *Huff* does not provide grounds for ETourandTravel's refusal to respond to interrogatories pertaining to class certification issues.

Rule 23 specifies several elements that are relevant to class certification. These elements include the size of the class (numerosity), whether common issues of law and fact exist (commonality), whether the class representative's claims are typical of the class's claims (typicality), and whether the common claims predominate over any individual claims (predominance). "Unless otherwise limited by court order," Rule 26(b)(1) mandates a broad scope for discovery on "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of discovery includes class certification issues. *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable). Unless ETourandTravel is willing to stipulate that class certification is appropriate, Gonzalez "is entitled to develop those facts through the formal discovery process" that are necessary to demonstrate that the classes should be certified under Rule 23. Newberg on Class Actions § 7:14 (5th ed.).

2.  "Trade Secret" Information is Not Exempt from Discovery

In response to interrogatories calling for disclosure of information concerning class members, and also in response to an interrogatory requesting information about consumer complaints regarding ETourandTravel's robocalling practices, ETourandTravel asserts a "trade secrets" objection. The interrogatories do not call for trade secrets. Rather, Gonzalez seeks discovery to determine the number of class members, the number

of calls they received, and what ETourandTravel did, if anything, in response to requests that it stop calling. While ETourandTravel may regard such information as confidential, "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 669 (N.D. Fla. 2010) (quoting *Dean v. Anderson*, No. 01-2599-JAR, 2002 WL 1377729 (D. Kan. June 6, 2002)). Furthermore, ETourandTravel could have sought an appropriate protective order if there was a genuine interest in protecting trade secrets, but it has failed to do so.

**D.** **Gonzalez Moves this Court to Compel ETourandTravel to Answer the Following Interrogatories**

Gonzalez seeks entry of an Order compelling ETourandTravel to answer in full each of the following interrogatories, to which ETourandTravel has responded as indicated below.

Several of the interrogatories request information concerning "THE CALLS," which is defined in the interrogatories as "those automated and/or pre-recorded calls made by YOU or on YOUR behalf either directly or indirectly (e.g., through a vendor or other THIRD PARTY) to Plaintiff and/or members of any of the classes proposed in the Class Action Complaint for Damages and Injunctive Relief at any time from four years prior to the filing of this suit to the present, including all calls made by an [automatic telephone dialing system]." The term "ETT" is defined in the interrogatories to mean ETourandTravel.

**INTERROGATORY NO. 3:** With respect to THE CALLS, please state: (a) the number of THE CALLS placed by ETT and/or by any THIRD PARTY on behalf of ETT; (b) the PERSON(S) and/or entities responsible for placing THE CALLS; (c) the dates THE CALLS were placed, (d) the identity of the PERSON(S) and/or entities called; (e) the number of THE CALLS that were answered by a PERSON (versus by a voicemail or other answering system) and the identities of those PERSONS; (f) the identity (number/s) of all outgoing telephone lines (including the area code) which were used in transmitting

THE CALLS; and (g) the identity of the telephone companies, carriers, and/or any THIRD PARTIES which were used to place THE CALLS.

**ANSWER:** Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same would seek the disclosure of protected trade secrets under federal and state law. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, pursuant to Fed.R.Civ.P. 33(d), that the answer may be determined by examining, auditing, compiling, abstracting, or summarizing the documents which Respondents produced as part of their Initial Disclosures. By way of further response, Respondents state that no "THIRD PARTIES" were utilized in connection with the CALLS made to Plaintiff.

ETourandTravel's objections to Interrogatory No. 3 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory. The information requested is directly relevant to the claims at issue in this case. ETourandTravel's assertion that Gonzalez "cannot be designated as a representative" of the "classes of potential claimants" that Interrogatory No. 3 seeks to identify is not explained and has not been determined by this Court. Gonzalez is entitled to take discovery on all class certification issues, including the number of calls, to whom the calls were made, and how the calls were made. *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable). Interrogatory No. 3 does not call for disclosure of any trade secrets. Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 3.

**INTERROGATORY NO. 4:** With respect to THE CALLS: (a) identify the sources of the phone numbers to whom THE CALLS were made; (b) describe the manner

in which the list of phone numbers was compiled and/or acquired; and (c) IDENTIFY the PERSON(S) and/or entities who compiled and/or acquired the phone numbers.

**ANSWER:** Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, Plaintiff provided her express permission to be contacted at her telephone number.

ETourandTravel's objections to Interrogatory No. 4 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory. The information requested is directly relevant to the claims and defenses at issue in this case. ETourandTravel's assertion that Gonzalez "cannot be designated as a representative" of the "classes of potential claimants" is not explained and has not been determined by this Court. Gonzalez is entitled to take discovery on all class certification issues. *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable). The information sought by Interrogatory No. 4 is pertinent to a number of issues, including the affirmative defense of "prior express consent" under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A). Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 4.

**INTERROGATORY NO. 5:** State whether ETT maintains a DATABASE and/or other list of entities and PERSONS to whom automated or pre-recorded telephone calls are made and, if so, how such DATABASE and/or other list has been compiled and the form in which such DATABASE and/or other list is maintained. If such a DATABASE and/or list exists, state YOUR POLICY as to how and when PERSONS and entities are removed from the DATABASE.

**ANSWER:** Respondents object to the Interrogatory as being overly broad, burdensome and oppressive. Specifically, the term "PERSON" is not limited to members of the putative classes Plaintiff seeks to certify. Moreover, the terms and conditions of the TCPA do not cover and/or protect any and all contact with such PERSONS, nor does Plaintiff's claim (or the TCPA) concern the alleged DATABASE of Respondents. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Accordingly, Respondents object to the Interrogatory as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

ETourandTravel's objections to Interrogatory No. 5 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory. The information requested is directly relevant to the claims and defenses at issue in this case. ETourandTravel alleges as an affirmative defense that "Defendants have satisfied the requirements in accordance with the 'Safe Harbor Provisions' of the TCPA, contained in Section 227(c)(5) of the TCPA." Answer ¶ 54. Section 227(c)(5) of the TCPA states in relevant part that "[i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 CFR § 64.1200(d) codifies the "reasonable practices and procedures" that telemarketers must use to properly maintain their call lists and remove numbers upon request. The information requested by Interrogatory No 5 goes directly to ETourandTravel's "Safe Harbor" defense. ETourandTravel's objection that the interrogatory "seeks discovery on matters that are not reasonably related to issues of class certification" is inconsistent with its other objections to interrogatories seeking class certification information, and is not supported by law. There is no order in this case bifurcating discovery between class certification and merits issues. Gonzalez is therefore entitled to pursue both class certification and merits discovery, particularly where, as in this case, class certification and merits issues are intertwined. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-CV-

2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (denying motion to bifurcate because "phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides . . . [and] will lead to duplicative and delayed discovery"); *Bruhl v. Pricewaterhouse Coopers International*, No. 03-23044-Civ., 2008 WL 2949507, *5 (S.D. Fla. July 29, 2008) (denying motion to block merits discovery during class certification discovery).  Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 5.

**INTERROGATORY NO. 6:** Describe the purpose or purposes of THE CALLS made by ETT or made by any THIRD PARTY on behalf of ETT.

**ANSWER:** Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the terms "purpose" and "purposes" are vague and undefined as used therein.  Moreover, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative.  Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  As related specifically to the alleged CALLS made to Plaintiff, Respondents state that the "purpose" of said CALLS was in reference to a pre-existing debt owed by Plaintiff.

ETourandTravel's objections to Interrogatory No. 6 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory.

ETourandTravel's fourth affirmative defense states in part that "Defendants did not contact the Plaintiff for any telemarketing **purpose** as contemplated by the TCPA and Plaintiff provided her consent for Defendants to call her."  Answer ¶ 50 (emphasis added).  ETourandTravel understands very well the meaning of the word "purpose" and the relevance of the purpose of its autodialed telephone calls in this case.

ETourandTravel's assertion that Gonzalez "cannot be designated as a representative" of the "classes of potential claimants" is not explained and has not been determined by this Court.  Gonzalez is entitled to take discovery on all class certification issues, including

- 10 -

the purpose of the autodialed telephone calls to class members. *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable). Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 6.

**INTERROGATORY NO. 7:** Did the PERSONS or entities IDENTIFIED in YOUR answer to Interrogatory No. 3 as PERSONS or entities to whom THE CALLS were made provide prior express consent to receive THE CALLS? If YOUR answer to this Interrogatory is "yes," state how and to whom such consent was given.

**ANSWER:** Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "prior express consent" is vague and undefined as used therein. Moreover, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that Plaintiff did provide "prior express consent" by way of her established and existing business relationship.

ETourandTravel's objections to Interrogatory No. 7 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory. Three of ETourandTravel's affirmative defenses allege "consent" as a defense. Answer ¶¶ 47, 50 and 51. "Prior express consent" is the exact phrase used in the TCPA to describe one of the available defenses to TCPA claims. *See* 47 U.S.C. § 227(b)(1)(A). ETourandTravel understands very well the meaning of the phrase "prior express consent" and the relevance of prior express consent in this case. ETourandTravel's assertion that Gonzalez "cannot be designated as a representative" of the "classes of potential claimants" is not explained and has not been determined by this Court. Gonzalez is entitled to take discovery on all class certification issues, including whether any class

members gave prior express consent to be autodialed.  *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable).  Furthermore, ETourandTravel's answer with respect to Gonzalez individually, that she provided prior express consent "by way of her established and existing business relationship," is vague and evasive.  ETourandTravel's answer is devoid of facts that would demonstrate that Gonzalez consented to be called by ETourandTravel on her cellular telephone.  Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 7.

**INTERROGATORY NO. 8:**  State whether the individuals or entities IDENTIFIED in YOUR answer to Interrogatory No. 3 as PERSONS or entities to whom THE CALLS were made had an established business relationship with ETT and, if so, state all facts which support the existence of the established business relationship, IDENTIFY all DOCUMENTS and/or ESI which support or pertain to it, and IDENTIFY all witnesses with knowledge of any such facts.

**ANSWER:**  Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "prior express consent" is vague and undefined as used therein. Moreover, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that Plaintiff did provide "prior express consent" by way of her established and existing business relationship. By way of further response, and pursuant to Fed.R.Civ.P. 33(d), Respondents state that the answer may be determined by examining, auditing, compiling, abstracting, or summarizing the documents which Respondents produced as part of their Initial Disclosures.

ETourandTravel's objections to Interrogatory No. 8 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory.  Interrogatory No. 8 does not use the phrase "prior express consent."  ETourandTravel's assertion that

Gonzalez "cannot be designated as a representative" of the "classes of potential claimants" is not explained and has not been determined by this Court. Gonzalez is entitled to take discovery on all class certification issues, including whether any class members had an established business relationship, which could give rise to an affirmative defense to Gonzalez's third and fourth claims for relief (for violations of internal do-not-call-list regulations) under 47 CFR § 64.1200(d). *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable). ETourandTravel's response that "the answer may be determined by examining, auditing, compiling, abstracting, or summarizing the documents which Respondents produced as part of their Initial Disclosures" is also improper. The documents to which ETourandTravel refers are the five pages of documents attached as Exhibit A to the Declaration of Michael Daudt filed herewith in support of this motion. Those documents do not refer to ETourandTravel, or to any other Defendant in this case. Instead, the documents refer only to "Oasis Travel Group" and Gonzalez. ETourandTravel has produced no document or information that explains the relationship between itself and Oasis Travel Group. Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 8.

**INTERROGATORY NO. 13:** Describe the POLICIES and/or practices through which ETT has determined that it or a THIRD PARTY will contact a person or entity by telephone on ETT's behalf with an automated or prerecorded message, and indicate whether and how such POLICIES and practices have been revised since May 29, 2009.

**ANSWER:** Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "practices" is vague and undefined as used therein. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Accordingly, Respondents object to the Interrogatory as being overly broad, burdensome and oppressive.

ETourandTravel's objections to Interrogatory No. 13 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory. ETourandTravel's objection that the word "practices" is vague is frivolous, as is the objection that the interrogatory is "overly broad, burdensome and oppressive." ETourandTravel's objection that the interrogatory "seeks discovery on matters that are not reasonably related to issues of class certification" is inconsistent with its other objections to interrogatories seeking class certification information, and is not supported by law. There is no order in this case bifurcating discovery between class certification and merits issues. Gonzalez is therefore entitled to pursue both class certification and merits discovery, particularly where, as in this case, class certification and merits issues are intertwined. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (denying motion to bifurcate because "phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides . . . [and] will lead to duplicative and delayed discovery"); *Bruhl v. Pricewaterhouse Coopers International*, No. 03-23044-Civ., 2008 WL 2949507, *5 (S.D. Fla. July 29, 2008) (denying motion to block merits discovery during class certification discovery). ETourandTravel's policies and practices for making automated telephone calls relate to multiple issues for class certification, including typicality and commonality. ETourandTravel's policies and practices are also directly relevant to its "Safe Harbor" defense. Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 13.

**INTERROGATORY NO. 14:** Provide the names and addresses of all PERSONS known to have made requests to stop being contacted by ETT or complaints about telephone calls made to them by ETT or by any THIRD PARTY acting on behalf of ETT, including but not limited to requests and/or complaints made by mail, e-mail or telephone, requests and/or complaints submitted to any government agency, requests and/or complaints submitted to any other organization such as the Better Business

Bureau, Chamber of Commerce or other consumer advice or protection organization, or any other organization of any kind.

**ANSWER:** Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "complaints" is vague and undefined as used therein. Respondents object to the Interrogatory as being overly broad, burdensome and oppressive. Specifically, alleged "complaints" by PERSONS are not covered by the terms of the TCPA or the subject of Plaintiffs Complaint. Accordingly, Respondents object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Interrogatory to the extent same would the disclosure of protected trade secrets under federal and state law. As related specifically to Plaintiff, Respondents state that Plaintiff alleges to have made a do-not-call request, the same being honored, in response to "telephone calls" from Respondents.

ETourandTravel's objections to Interrogatory No. 14 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory.

ETourandTravel's objection that the word "complaints" is vague is frivolous, as are the objections that the interrogatory is "overly broad, burdensome and oppressive" and calls for "trade secrets." ETourandTravel's objection that the interrogatory "seeks discovery on matters that are not reasonably related to issues of class certification" is inconsistent with its other objections to interrogatories seeking class certification information, and is not supported by law. There is no order in this case bifurcating discovery between class certification and merits issues. Gonzalez is therefore entitled to pursue both class certification and merits discovery, particularly where, as in this case, class certification and merits issues are intertwined. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (denying motion to bifurcate because "phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides . . . [and] will lead to duplicative and delayed discovery"); *Bruhl v. Pricewaterhouse Coopers International*, No. 03-23044-Civ., 2008 WL 2949507, *5 (S.D. Fla. July 29, 2008) (denying motion to

block merits discovery during class certification discovery).  A pattern of complaints to ETourandTravel or others about ETourandTravel's robocalling practices relates directly to a number of class certification issues, including typicality and commonality.  Such complaints are also directly relevant to ETourandTravel's "Safe Harbor" defense, because that defense is only available if ETourandTravel's policies and practices "effectively prevent" violations of the TCPA, which would obviously be negated if there are other complaints.  47 U.S.C. § 227(c)(5) ("It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to *effectively prevent* telephone solicitations in violation of the regulations prescribed under this subsection.") (emphasis added).  Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 14.

**INTERROGATORY NO. 15:** IDENTIFY each lawsuit in state and/or federal court, including small claims court, in which ETT or any THIRD PARTIES acting on its behalf was a named party and in which the plaintiff's claims arose under any state or federal laws regulating ATDS-generated or other pre-recorded or automated telephone calls.

**ANSWER:** Respondents object to the Interrogatory as being overly broad, burdensome and oppressive. Respondents object to the Interrogatory as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Subject to and without waiving Respondents' General and Specific objections, Respondents state that any and all such "lawsuits" are a matter of public record and the information sought is as accessible to Plaintiff as it is to Respondents.

ETourandTravel's objections to Interrogatory No. 15 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory. ETourandTravel's objections that the interrogatory is "overly broad, burdensome and oppressive" are frivolous.  ETourandTravel's objection that the interrogatory "seeks

discovery on matters that are not reasonably related to issues of class certification" is inconsistent with its other objections to interrogatories seeking class certification information, and is not supported by law. There is no order in this case bifurcating discovery between class certification and merits issues. Gonzalez is therefore entitled to pursue both class certification and merits discovery, particularly where, as in this case, class certification and merits issues are intertwined. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (denying motion to bifurcate because "phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides . . . [and] will lead to duplicative and delayed discovery"); *Bruhl v. Pricewaterhouse Coopers International*, No. 03-23044-Civ., 2008 WL 2949507, *5 (S.D. Fla. July 29, 2008) (denying motion to block merits discovery during class certification discovery). The existence of other lawsuits concerning ETourandTravel's robocalling practices relates directly to a number of class certification issues, including typicality and commonality. Other lawsuits would also directly relevant to ETourandTravel's "Safe Harbor" defense, because that defense is only available if ETourandTravel's policies and practices "effectively prevent" violations of the TCPA, which would obviously be negated if there are other lawsuits. 47 U.S.C. § 227(c)(5) ("It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to *effectively prevent* telephone solicitations in violation of the regulations prescribed under this subsection.") (emphasis added). Objections based on the fact that the information requested may be retrieved from the public record or another third party are not valid objections. *Pepperwood of Naples Condo. Ass'n*, No. 2:10–cv–753–FtM–36SPC, 2011 WL 3841557, at *4 (M.D. Fla. Aug. 29, 2011) ("Courts have unambiguously stated that this exact objection is insufficient to resist a discovery

request.") (citations omitted).  Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 15.

**INTERROGATORY NO. 17:**  IDENTIFY all indemnity agreements through which ETT may seek defense or indemnity in this lawsuit and provide: (a) the names of the indemnitor; (b) the address and telephone numbers of the indemnitor; (c) the agreement under which such indemnity may arise; and (d) IDENTIFY all communications between ETT and the indemnitor that relate to this lawsuit.

**ANSWER:**  Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the terms "defense" and "indemnity" are vague and undefined as used therein. Respondents object to the Interrogatory as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiffs case. Respondents object to the Interrogatory to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions and theories of Respondents' counsel.

ETourandTravel's objections to Interrogatory No. 17 are not well-founded and ETourandTravel should be required to respond fully to this interrogatory. ETourandTravel's objection that the terms "defense" and "indemnity" are vague is frivolous.  ETourandTravel's objection that the interrogatory "seeks discovery on matters that are not reasonably related to issues of class certification" is inconsistent with its other objections to interrogatories seeking class certification information, and is not supported by law.  There is no order in this case bifurcating discovery between class certification and merits issues.  Gonzalez is therefore entitled to pursue both class certification and merits discovery, particularly where, as in this case, class certification and merits issues are intertwined.  *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (denying motion to bifurcate because "phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides . . . [and] will lead to duplicative and

delayed discovery"); *Bruhl v. Pricewaterhouse Coopers International*, No. 03-23044-Civ., 2008 WL 2949507, *5 (S.D. Fla. July 29, 2008) (denying motion to block merits discovery during class certification discovery).  The existence of an indemnity agreement that covers the claims in this lawsuit could lead to evidence concerning the willfulness of Defendants' actions, which would entitle Gonzalez to treble damages.  47 U.S.C. § 227(b)(3).  Indemnity agreements are subject to discovery for that purpose.  *See Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-MOORE, 2010 WL 5437258, at *5 (S.D. Fla. Dec. 27, 2010). Accordingly, the Court should compel ETourandTravel to fully respond to Interrogatory No. 17.

E.    **Conclusion**

For the reasons set forth herein, Gonzalez respectfully requests this Court to compel ETourandTravel to answer Plaintiff's First Set of Interrogatories as set forth herein, and grant such other and further relief as this Court deems just and proper, including an award of fees and costs incurred in bringing this motion to the extent such an award is available under the circumstances.

**LOCAL RULE 3.01(G) CERTIFICATE**

The undersigned certifies that she conferred with counsel for Defendants in a good faith in an effort to reach agreement on a resolution of the matters at issue in this discovery dispute, but the parties were unable to agree.

RESPECTFULLY SUBMITTED AND DATED this 13th day of January, 2014.

TERRELL MARSHALL DAUDT
& WILLIE PLLC


By: /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
Beth E. Terrell, *Trial Counsel,*
*Admitted Pro Hac Vice*
Michael D. Daudt, *Trial Counsel,*
*Admitted Pro Hac Vice*
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: bterrell@tmdwlaw.com
Email: mdaudt@tmdwlaw.com

Stefan Coleman, *Trial Counsel*
Florida Bar No. 30188
LAW OFFICES OF STEFAN COLEMAN
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Email: law@stefancoleman.com

*Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I, Michael D. Daudt, hereby certify that on January 13, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> K. Michael Swann, Florida Bar #0442410
> SNYDERBURN, RISHOI & SWANN, LLP
> 2250 Lucien Way, Suite 140
> Maitland, Florida  32751
> Telephone: (407) 647-2005
> Facsimile: (407) 647-1522
> Email:  mswann@srslaw.net
>
> Joseph C. Sullivan, *Admitted Pro Hac Vice*
> TAYLOR, ENGLISH, DUMA LLP
> 1600 Parkwood Circle, Suite 400
> Atlanta, Georgia  30339
> Telephone: (770) 434-6868
> Facsimile:  (770) 434-7376
> Email:  jsullivan@taylorenglish.com
>
> *Attorneys for Defendants*

DATED this 13th day of January, 2014.

> TERRELL MARSHALL DAUDT
>  & WILLIE PLLC
>
>
> By:   /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
>   Michael D. Daudt, *Trial Counsel,*
>    *Admitted Pro Hac Vice*
>   936 North 34th Street, Suite 300
>   Seattle, Washington  98103-8869
>   Telephone:  (206) 816-6603
>   Facsimile:  (206) 350-3528
>   Email:  mdaudt@tmdwlaw.com