IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:13-cv-827-Orl-36TBS

AMPARITO GONZALEZ, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

ETOURANDTRAVEL, INC., a Florida
corporation; KOSMAS GROUP
INTERNATIONAL, INC., a Florida corporation;
STEVEN P. KOSMAS, individually; and
J. LANCE CROFT, individually,

Defendants.
_____/

**PLAINTIFF AMPARITO GONZALEZ'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION, AND INCORPORATED
MEMORANDUM OF LAW AND LOCAL RULE 3.01(G) CERTIFICATE**

# TABLE OF CONTENTS

**Page No.**

A.     Requested Relief ................................................................................................... 1

B.     Background Facts ................................................................................................. 1

     1.     Claims and Defenses ............................................................................. 1

     2.     Summary of Gonzalez's Discovery Requests and ETourandTravel's Responses ............................................................................................... 3

C.     Rules Governing Discovery ................................................................................ 4

     1.     Discovery Concerning Class Certification Issues is Appropriate ........................ 4

     2.     "Trade Secret" Information is Not Exempt from Discovery ............................. 6

     3.     A Detailed Privilege Log Is Required ................................................... 6

D.     Gonzalez Moves this Court to Compel ETourandTravel to Produce Documents Responsive to Plaintiff's First Set of Requests for Production ..................... 7

E.     Conclusion ........................................................................................................ 23

LOCAL RULE 3.01(G) CERTIFICATE ................................................................... 23

# TABLE OF AUTHORITIES

Page No.

## FEDERAL CASES

*Anderson v. City of Naples*,
    2010 WL 4853916 (M.D. Fla. Nov. 22, 2010) ............................................................ 6, 7

*Bailey Indus., Inc. v. CLJP, Inc.*,
    270 F.R.D. 662 (N.D. Fla. 2010) ........................................................................... 6

*Bruhl v. Pricewaterhouse Coopers International*,
    No. 03-23044-Civ., 2008 WL 2949507 (S.D. Fla. July 29, 2008) .................................. 6

*Dean v. Anderson*,
    No. 01-2599-JAR, 2002 WL 1377729 (D. Kan. June 6, 2002) ...................................... 6

*Hermosilla v. Coca-Cola Co.*,
    No. 10-21418-CIV-MOORE, 2010 WL 5437258 (S.D. Fla. Dec. 27, 2010) ................ 18

*Huff v. N.D. Cass Co. of Ala.*,
    468 F.2d 172 (5th Cir. 1972) ............................................................................. 5

*Huff v. N.D. Cass Co. of Ala.*,
    485 F.2d 710 (5th Cir. 1973) ........................................................................ 4, 5

*Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*,
    No. 8:10-CV-2008-T-33TGW, 2011 WL 486123 (M.D. Fla. Feb. 7, 2011) .................. 8

*Mann v. Healthcare Revenue Recovery Group, LLC*,
    No. 11-61357, 2012 WL 4192987 (S.D. Fla. Sept. 18, 2012) .................................. 5, 10

*Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*,
    2010 WL 5161111 (M.D. Fla. Dec. 14, 2010) ............................................................ 6

## FEDERAL STATUTES

47 U.S.C. § 227(b) ........................................................................................... 13. 18

47 U.S.C. § 227(c)(5) ..................................................................................... 15, 17

## FEDERAL RULES

47 CFR § 64.1200(d) .......................................................................................... 12

Fed. R. Civ. P. 26(b)(1) ................................................................................................................. 5

**OTHER AUTHORITIES**

Newberg on Class Actions § 7:14 (5th ed.) ................................................................................. 5

## A. Requested Relief

Plaintiff Amparito Gonzalez ("Gonzalez"), through her counsel and pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby moves this Court to compel Defendant ETourandTravel, Inc. ("ETourandTravel") to produce all documents responsive to Plaintiff's First Set of Requests for Production to Defendant ETourandTravel as set forth herein. Gonzalez also seeks an Order compelling ETourandTravel to provide a privilege log that complies with Rule 26(b)(5)(A).

## B. Background Facts

### 1. Claims and Defenses

ETourandTravel is a travel agency and the marketing arm of Defendant Kosmas Group International, Inc. ("KGI"), which is among the top 25 timeshare operators in the United States. Class Action Complaint for Damages and Injunctive Relief and Demand for Jury Trial ("Complaint") (Dkt. 1) ¶ 3.2-3.7. Beginning in October 2012, Gonzalez began receiving autodialed telephone calls on her cellular telephone from ETourandTravel. Complaint ¶ 5.3. Gonzalez received more than half a dozen such robocalls from ETourandTravel on her cellular telephone from October 2012 through December 2012. Complaint ¶ 5.3. ETourandTravel's robocalls to Gonzalez violated the Telephone Consumer Protection Act, 47 § 227 ("TCPA"). Complaint ¶ 4.2. ETourandTravel also violated the TCPA by failing to honor Gonzalez's request that ETourandTravel stop calling her. Complaint ¶ 4.3. Gonzalez seeks damages and injunctive relief under the TCPA on behalf of herself and as a class representative of others who have been subjected to autodialed telephone calls from ETourandTravel in violation of the TCPA. Complaint ¶ 6.1. This court has not yet determined whether to grant class certification pursuant to Rule 23.

In its answer to the complaint, ETourandTravel alleges eight affirmative defenses to Gonzalez's individual claims, and an additional eleven affirmative defenses that ETourandTravel categorizes as "Class Action Defenses." Defendant's Answer and Affirmative Defenses ("Answer") (Dkt. 21) ¶¶ 47-65. In its first affirmative defense to Gonzalez's individual claims, ETourandTravel alleges that the calls to Gonzalez were not "telemarketing" calls. Instead, according to ETourandTravel, "Defendants' calls to the Plaintiff, in fact, involved an attempt to collect money that Plaintiff owed." Answer ¶ 47. In support of this defense, ETourandTravel has produced four pages of documents consisting of what appear to be computer screen shots from a database, relating to a travel package purchased by Gonzales *in 2002*—more than *10 years before* the calls at issue. *See* Declaration of Michael Daudt in Support of Plaintiff Amparito Gonzalez's Motions to Compel Interrogatory Answers and Production of Documents Responsive to Requests For Production ("Daudt Decl.") ¶ 2, Exhibit 1. It is noteworthy that those screen shots show a total balance due of $25. Daudt Decl. ¶ 2, Exhibit 1. In other words, ETourandTravel's defense in this case boils down to the dubious proposition that its robocalls to Gonzalez were for the purpose of collecting a 10-year-old, $25 debt. Those screen shots also make reference to "Oasis Travel Group," but there is no reference in any of the screen shots to either ETourandTravel or KGI.

Another affirmative defense to Gonzalez's individual claims alleged by ETourandTravel is that "Defendants have satisfied the requirements in accordance with the 'Safe Harbor Provisions' of the TCPA, contained in Section 227(c)(5) of the TCPA." Answer ¶ 54. Section 227(c)(5) of the TCPA states in relevant part that "[i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under

this subsection." 47 CFR § 64.1200(d) codifies the "reasonable practices and procedures" that telemarketers must use in connection with do-not-call requests from consumers, including having a written policy for maintaining a do-not-call list, training of personnel in the existence and use of the do-not-call list, procedures for recording all do-not-call requests, and identification of the caller and the seller on behalf of whom the call was made.

ETourandTravel's "class action defenses" run the gamut of Rule 23 requirements, and include allegations that Gonzalez's claims "are not typical," "Plaintiff does not represent the putative class defined in paragraph 6.1 of the Complaint," and "individual questions regarding whether or not class members are or were customers of the Defendants or were contacted by the Defendants in violation of the TCPA predominate issues common to the class." Answer ¶¶ 60, 61 and 63.

       2.    <u>Summary of Gonzalez's Discovery Requests and ETourandTravel's Responses</u>

In response to several of Gonzalez's discovery requests, ETourandTravel refers to a grand total of five pages of documents that it attached to its Initial Disclosures. Daudt Decl. ¶ 2, Exhibit 1. ETourandTravel has produced no documents at all beyond the five pages attached to its Initial Disclosures. Daudt Decl. ¶ 2. Four of those pages consist of the screen shots relating to Gonzalez's travel booked in 2002 with the "Oasis Travel Group" discussed above. The fifth page appears to be another computer screen shot that lists the robocalls that ETourandTravel made to Gonzalez in 2012. Despite the obvious relevance to this case, ETourandTravel has refused to identify or produce any agreements between Oasis Travel Group and ETourandTravel, policies and procedures used by ETourandTravel that would be necessary to prove its "Safe Harbor" defense, and any information concerning calls to other class members.

Despite the fact that there has been no order limiting discovery, ETourandTravel refuses to produce documents relating to calls made to members of the two classes defined in the complaint. In response to most of Gonzalez's requests for production, ETourandTravel objects to producing any documents containing information that would be relevant to class certification, including complaints that it has received about its robocalling activities, ETourandTravel's policies and procedures for making robocalls and how it handles requests that it stop calling. As discussed below, ETourandTravel bases those objections on its belief that Gonzalez cannot serve as a class representative, and on the fact that this court has not granted class certification. In contradiction to those objections, ETourandTravel objects to other requests for production on the grounds that the information sought is "not reasonably related to issues of class certification." In short, ETourandTravel refuses to produce some documents because they relate to class certification issues, and it refuses to produce other documents because they do not relate to class certification issues. The net result of ETourandTravel's "heads I win, tales you lose" approach is that ETourandTravel has produced no documents at all beyond the five pages attached to its Initial Disclosures.

## C.    Rules Governing Discovery

### 1.    Discovery Concerning Class Certification Issues is Appropriate

In its discovery responses, ETourandTravel objects to providing any information about calls to class members or other issues relating to class certification, citing *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710 (5th Cir. 1973). Daudt Decl. ¶ 3, Exhibits 3 and 4. In *Huff*, the district court conducted a "preliminary evidentiary hearing on plaintiff's individual claim" while discovery was ongoing. *Huff*, 485 F.2d at 712. On the basis of the evidence presented at the hearing, the district court found that "plaintiff was not a member of the class" that he sought to represent, and therefore he could not serve as the

class representative.  *Huff*, 485 F.2d at 712.  The district court refused to compel the defendant to respond to discovery requests relating to plaintiff's class action allegations, and that refusal was affirmed in light of the fact that the plaintiff could not serve as the class representative.  *See Huff v. N.D. Cass Co. of Ala.*, 468 F.2d 172, 177 (5th Cir. 1972), *vacated*, 485 F.2d 710 (5th Cir. 1973).  There has been no evidentiary hearing in this case, and no order has been issued concerning the suitability of Gonzalez as a class representative.  *Huff* does not provide grounds for ETourandTravel's refusal to produce documents pertaining to class certification issues.

Rule 23 specifies several elements that are relevant to class certification.  These elements include the size of the class (numerosity), whether common issues of law and fact exist (commonality), whether the class representative's claims are typical of the class's claims (typicality), and whether the common claims predominate over any individual claims (predominance).  "Unless otherwise limited by court order," Rule 26(b)(1) mandates a broad scope for discovery on "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The scope of discovery includes class certification issues.  *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable).  Unless ETourandTravel is willing to stipulate that class certification is appropriate, Gonzalez "is entitled to develop those facts through the formal discovery process" that are necessary to demonstrate that the classes should be certified under Rule 23.  Newberg on Class Actions § 7:14 (5th ed.).

2.    "Trade Secret" Information is Not Exempt from Discovery

In response to requests for production calling for disclosure of information concerning class members, and also in response to a request for consumer complaints regarding ETourandTravel's robocalling practices, ETourandTravel asserts a "trade secrets" objection.  The requests for production do not call for trade secrets.  Rather, Gonzalez seeks discovery to determine the number of class members, the number of calls they received, and what ETourandTravel did, if anything, in response to requests that it stop calling.  While ETourandTravel may regard such information as confidential, "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery."  *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 669 (N.D. Fla. 2010) (quoting *Dean v. Anderson*, No. 01-2599-JAR, 2002 WL 1377729 (D. Kan. June 6, 2002)).  Furthermore, ETourandTravel could have sought an appropriate protective order if there was a genuine interest in protecting trade secrets, but it has failed to do so.

3.    A Detailed Privilege Log Is Required

Subsection (b)(5)(A) of Rule 26 mandates that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged …, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The party who asserts a privilege bears the burden of proving that the privilege applies to the discovery withheld.  *Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2010 WL 5161111, *2 (M.D. Fla. Dec. 14, 2010).  Failure to produce an adequate privilege log may result in the waiver of the privileges asserted.  *See Anderson v. City of*

*Naples*, 2010 WL 4853916, *3 (M.D. Fla. Nov. 22, 2010).  The only "privilege log" provided by ETourandTravel is a so-call "General Privilege Log" in the Introduction section of its responses, which provides no specific information about documents withheld, and is evasive about whether any documents are being withheld.  Daudt Decl. ¶ 3, Exhibit 3.  ETourandTravel should be compelled to provide a privilege log that complies with Rule 26(b)(5)(A).

**D.     Gonzalez Moves this Court to Compel ETourandTravel to Produce Documents Responsive to Plaintiff's First Set of Requests for Production**

Gonzalez seeks entry of an Order compelling ETourandTravel to produce all documents responsive to each of the following requests, to which ETourandTravel has responded as indicated below.  Gonzalez also seeks an Order compelling ETourandTravel to provide a privilege log that complies with Rule 26(b)(5)(A).

Several of the requests reference "THE CALLS," which is defined in the requests as "those automated and/or pre-recorded calls made by YOU or on YOUR behalf either directly or indirectly (e.g., through a vendor or other THIRD PARTY) to Plaintiff and/or members of any of the classes proposed in the Class Action Complaint for Damages and Injunctive Relief at any time from four years prior to the filing of this suit to the present, including all calls made by an [automatic telephone dialing system]."  The term "ETT" is defined in the requests to mean ETourandTravel.

**REQUEST FOR PRODUCTION NO. 1:** Please produce all non-attorney-client-privileged DOCUMENTS and/or ESI used to craft responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:** Respondents object to the Request to the extent same is vague and ambiguous. Specifically, the phrase "used to craft responses" is vague and undefined as used therein. Respondents object to the Request to the extent same is overly broad, burdensome and oppressive. Respondents object to the Request to the extent same calls for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent

same seeks to intrude upon the attorney work product privilege. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

The meaning of the phrase "used to craft responses" in this request is perfectly clear—the request calls for the production of all non-privileged documents that ETourandTravel referred to and relied upon in answering Plaintiff's interrogatories. ETourandTravel's objection that the request is overly broad, burdensome or oppressive is completely unexplained, and improper. ETourandTravel's objection that the request "seeks discovery on matters that are not reasonably related to issues of class certification" is inconsistent with its other objections to requests seeking class certification information, and is not supported by law. There is no order in this case bifurcating discovery between class certification and merits issues. Gonzalez is therefore entitled to pursue both class certification and merits discovery, particularly where, as in this case, class certification and merits issues are intertwined. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, *2 (M.D. Fla. Feb. 7, 2011) (denying motion to bifurcate because "phased discovery will unnecessarily prolong this litigation and increase the expense involved for both sides . . . [and] will lead to duplicative and delayed discovery"); *Bruhl v. Pricewaterhouse Coopers International*, No. 03-23044-Civ., 2008 WL 2949507, *5 (S.D. Fla. July 29, 2008) (denying motion to block merits discovery during class certification discovery). Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 1.

**REQUEST FOR PRODUCTION NO. 2:** Produce the written script(s) of any and all live or pre-recorded calls made by ETT, or by THIRD PARTIES acting on ETT's behalf.

**RESPONSE:** Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Request to the extent same is overly broad, burdensome and oppressive. Specifically, the terms and conditions of the Telephone Consumer Protection Act ("TCPA") do not serve to protect "any and all live or pre-recorded calls." Respondents object to the Request to the extent same calls for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving Respondents' General and Specific objections, Respondents state that, in connection with the calls made to Plaintiff, no known documents are responsive to the Request. As discovery is ongoing, Respondents reserve the right to supplement their response to the Request.

For the same reasons discussed above concerning Request No. 1, ETourandTravel's objection to discovery that is "not reasonably related to issues of class certification" is without merit. Any scripts used by ETourandTravel in its outbound calls during the class period are relevant to determining the true purpose of its robocalls (collection v. solicitation). ETourandTravel has itself made the purpose of the calls an issue in this case by, among other things, its fourth affirmative defense, which states in part that "Defendants did not contact the Plaintiff for any telemarketing **purpose** as contemplated by the TCPA and Plaintiff provided her consent for Defendants to call her." Answer ¶ 50 (emphasis added). Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 2.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any lists, DATABASE(s), DOCUMENTS and/or ESI identifying or listing the names, addresses, telephone numbers, and email addresses of PERSONS to whom THE CALLS were made, including historical copies of any such DATABASE(s) or any other DOCUMENTS showing, or which can be used in reconstructing, the history of any such DATABASE since May 29,2009.

**RESPONSE:** Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same would seek the disclosure of protected trade secrets under federal and state law.

ETourandTravel's assertion that Gonzalez "cannot be designated as a representative" of the "classes of potential claimants" that Request No. 3 seeks to identify is not explained and has not been determined by this Court. Gonzalez is entitled to take discovery on all class certification issues, including the number of calls, to whom the calls were made, and how the calls were made. *See Mann v. Healthcare Revenue Recovery Group, LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012) (compelling defendant to produce discovery related to numerosity of class and rejecting defendant's argument that such discovery could not be had because class was not certifiable). The requested documents are clearly relevant—this is essentially a request to produce the class lists. The request does not call for any trade secrets. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 3.

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all DOCUMENTS and/or ESI referring or relating to any and all THIRD PARTIES or PERSONs that placed THE CALLS to Plaintiff or any class member.

**RESPONSE:** Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

For the same reasons discussed above concerning Request No. 3,

ETourandTravel's objection that Gonzalez cannot request documents relevant to class

certification is without merit.  Whether third parties played a part in ETourandTravel's

robocalling activities is unquestionably relevant to this case.  Accordingly, the Court

should compel ETourandTravel to produce all documents responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all DOCUMENTS and/or ESI demonstrating that Plaintiff or any class member gave prior express consent to receive the telephone call(s) made to them by ETT or by any THIRD PARTY acting on ETT's behalf.

**RESPONSE:** Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the classes of potential claimants have not been certified by this Court and, moreover, Plaintiff herself cannot be designated as a representative of said classes. Accordingly, there are no "class members" at this time. As such, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged telephone call(s) made to Plaintiff, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

For the same reasons discussed above concerning Request No. 3,

ETourandTravel's objection that Gonzalez cannot request documents relevant to class

certification is without merit.  Documents relating to whether any of the class members

gave their prior express consent to be called are relevant to this case—ETourandTravel

has three affirmative defenses alleging consent.  Answer ¶¶ 47, 50 and 51.  Accordingly,

the Court should compel ETourandTravel to produce all documents responsive to

Request No. 5.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all DOCUMENTS and/or ESI demonstrating that Plaintiff or any class member had an established business relationship with ETT prior to receiving the telephone call made to them by ETT, or any THIRD PARTY acting on ETT's behalf.

**RESPONSE:** Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the classes of potential claimants have not been certified by this Court and, moreover, Plaintiff herself cannot be designated as a representative of said classes. Accordingly, there are no "class members" at this time. As such, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged telephone call(s) made to Plaintiff, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

For the same reasons discussed above concerning Request No. 3,

ETourandTravel's objection that Gonzalez cannot request documents relevant to class

certification is without merit. Documents relating to whether class members had an

established business relationship with ETourandTravel are relevant, because it could give

rise to an affirmative defense to Gonzalez's third and fourth claims for relief (for

violations of internal do-not-call-list regulations). *See* 47 CFR § 64.1200(d).

Accordingly, the Court should compel ETourandTravel to produce all documents

responsive to Request No. 6.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all DOCUMENTS and/or ESI evidencing any POLICIES, procedures or practices governing contact with SUBSCRIBERS on their telephones via automated and/or pre-recorded telephone calls, and a timeline indicating the periods during which each such POLICY was in effect. DOCUMENTS and/or ESI responsive to this Request shall include but not be limited to those related to POLICIES regarding: (1) whether and how to verify that a SUBSCRIBER provided consent to receive automated and/or pre-recorded calls; (2) the frequency with which pre-recorded or automated calls shall occur; (3) the duration and content of each automated message; and (4) the circumstances or reasons triggering the addition of a SUBSCRIBER'S name to the list of those receiving automated and/or pre-recorded calls.

**RESPONSE:**

Respondent objects to the Request as being overly broad, burdensome and oppressive. Specifically, the term "SUBSCRIBER" is not limited to members of the putative classes Plaintiff seeks to certify. Moreover, the terms and conditions of the TCPA do not cover and/or protect any and all "contact" with such SUBSCRIBERS. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.

The request is not overly broad, because it is limited in scope to ETourandTravel's policies and procedures for "automated and/or pre-recorded calls," which are governed by the TCPA. *See* 47 U.S.C. § 227(b). Such policies and procedures are relevant to a variety of class certification issues, including typicality and commonality, and to ETourandTravel's "Safe Harbor" defense. For the same reasons discussed above concerning Request No. 1, ETourandTravel's objection to discovery that is "not reasonably related to issues of class certification" is without merit. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 7.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all DOCUMENTS and/or ESI in which a THIRD PARTY advised ETT of the date THE CALLS were made, the numbers and the area codes called, the names and addresses of the persons and/or entities called and/or any other information regarding THE CALLS.

**RESPONSE:** Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, all of Respondents' communication( s) with THIRD PARTIES are not subject to TCPA review. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, at this time, no known documents are responsive to the Request. However, Respondents reserve the right to supplement their response to this Request.

For the same reasons discussed above concerning Request No. 3,

ETourandTravel's objection that Gonzalez cannot request documents relevant to class

certification is without merit.  This request seeks relevant documents containing

information about ETourandTravel's robocalls that are the subject of this lawsuit.  The

request does not seek "all of Respondents' communication(s) with THIRD PARTIES."

The request only seeks such communications containing information relating to

ETourandTravel's robocalls that are at issue in this lawsuit.  Accordingly, the Court

should compel ETourandTravel to produce all documents responsive to Request No. 13.

**REQUEST FOR PRODUCTION NO. 14:** Please produce any and all lists
and/or DATABASE(s) containing the names, addresses, telephone numbers and email
addresses of all PERSONS known to have made complaints concerning telephone calls
made to them by ETT or by any and all THIRD PARTIES on ETT's behalf, including but
not limited to complaints to ETT by mail, e-mail or telephone, complaints submitted to
any government agency, complaints submitted to any other organization such as the
Better Business Bureau, Chamber of Commerce or other consumer advice or protection
organization, or any other organization of any kind.

**RESPONSE:** Respondents object to the Request as being vague and ambiguous.
Specifically, the term "complaints" is vague and undefined as used therein. Respondents
object to the Request as being overly broad, burdensome and oppressive. Specifically,
any and all alleged "complaints" by PERSONS are not covered by the terms of the TCP
A or the subject of Plaintiff's Complaint. Accordingly, Respondents object to the Request
as calling for documents and tangible things that are irrelevant and not reasonably
calculated to lead to the discovery of admissible evidence. Respondents object to the
Request to the extent same seeks discovery on matters that are not reasonably related to
issues of class certification. Respondents object to the Request to the extent same would
seek the disclosure of protected trade secrets under federal and state law. As related
specifically to Plaintiff, Respondents state that, at this time, no known documents are
responsive to the Request. However, Respondents reserve the right to supplement their
response to this Request.

ETourandTravel's objection that the word "complaints" is vague is frivolous, as

are the objections that the interrogatory is "overly broad, burdensome and oppressive"

and calls for "trade secrets."  For the same reasons discussed above concerning Request

No. 1, ETourandTravel's objection to discovery that is "not reasonably related to issues

of class certification" is without merit.  A pattern of complaints to ETourandTravel or

others about ETourandTravel's robocalling practices relates directly to a number of class

certification issues, including typicality and commonality.  Such complaints are also

directly relevant to ETourandTravel's "Safe Harbor" defense, because that defense is

only available if ETourandTravel's policies and practices "effectively prevent" violations

of the TCPA, which would obviously be negated if there are other complaints.  47 U.S.C.

§ 227(c)(5) ("It shall be an affirmative defense in any action brought under this paragraph

that the defendant has established and implemented, with due care, reasonable practices

and procedures to *effectively prevent* telephone solicitations in violation of the regulations

prescribed under this subsection.") (emphasis added).  Accordingly, the Court should

compel ETourandTravel to produce all documents responsive to Request No. 14.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all DOCUMENTS and/or ESI, including but not limited to DATABASES, identifying or listing the names, addresses, telephone numbers, and email addresses of PERSONS who requested that ETT or any THIRD PARTY acting on ETT's behalf stop making automated and/or prerecorded calls to them.

**RESPONSE:** Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the term "PERSONS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, any and all of Respondents' alleged communication(s) with THIRD PARTIES are not subject to TCPA review. Respondents object to the Request to the extent same would seek the disclosure of protected trade secrets under federal and state law. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, at this time, no known

documents are responsive to the Request. However, Respondents reserve the right to supplement their response to this Request.

For the same reasons discussed above concerning Request No. 3, ETourandTravel's objection that Gonzalez cannot request documents relevant to class certification is without merit. This request seeks relevant documents containing information about requests that ETourandTravel stop making the robocalls that are the subject of this lawsuit. The request does not seek "all of Respondents' alleged communication(s) with THIRD PARTIES." The request only seeks such communications containing information relating to do-not-call requests pertaining to ETourandTravel's robocalls that are at issue in this lawsuit. The request does not call for trade secrets information. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 15.

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all DOCUMENTS and/or ESI referring or relating to any and all POLICIES, procedures and practices regarding whether and how YOU honor a SUBSCRIBER'S request that YOU, and/or any THIRD PARTY marketing ETT's products and/or services on its behalf, stop making automated and/or pre-recorded calls to his or her telephone and/or place him or her on YOUR internal "do not call list."

**RESPONSE:** Respondents object to the Request as being vague and ambiguous. Specifically, the terms "procedures" and "practices" are vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, alleged "requests" by "SUBSCRIBERS" are not covered by the terms of the TCPA or the subject of Plaintiffs Complaint. Moreover, the term "SUBSCRIBERS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated· as a representative. Accordingly, Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. As related specifically to Plaintiff, Respondents state that, at this time, no known documents

are responsive to the Request. However, Respondents reserve the right to supplement their response to this Request.

The terms "procedures" and "practices" are not vague as used in this request relating to how ETourandTravel honors do-not-call requests. ETourandTravel's eighth affirmative defense explicitly relies on "the 'Safe Harbor Provisions' of the TCPA, contained in Section 227(c)(5) of the TCPA." Answer ¶ 54. Section 227(c)(5) states in pertinent part that "[i]t shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable **practices and procedures** to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). It is specious for ETourandTravel to object to these terms, or the scope of this request, when ETourandTravel is specifically relying on a statutory defense that uses the same terms. For the same reasons discussed above concerning Request No. 3, ETourandTravel's objection that Gonzalez cannot request documents relevant to class certification is without merit. For the same reasons discussed above concerning Request No. 1, ETourandTravel's objection to discovery that is "not reasonably related to issues of class certification" is without merit. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 17.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all DOCUMENTS and/or ESI constituting and/or referring to audits, investigations, inquiries, or studies, by YOU or any THIRD P ARTY, including but not limited to any independent auditor, law firm, or governmental agency, regarding the compliance by ETT and/or any THIRD PARTY marketing ETT's products and/or services on its behalf, with any state and/or federal laws or regulations involving the use of automated and/or pre-recorded calls.

**RESPONSE:** Respondents object to the Request as being vague and ambiguous. Specifically, the term "audits," "investigations," "inquiries" and "studies" are vague and

undefined as used therein. Respondents object to the Request to the extent the requested production would include DOCUMENTS and/or ESI concerning classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.

The terms used in this request are not remotely vague. For the same reasons discussed above concerning Request No. 3, ETourandTravel's objection that Gonzalez cannot request documents relevant to class certification is without merit. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 18.

**REQUEST FOR PRODUCTION NO. 21:** Please produce copies of indemnification agreements between ETT and any THIRD PARTY, under which that THIRD PARTY might be responsible for satisfying all or part of a judgment that may be entered against ETT in this action.

**RESPONSE:** Respondents object to the Request as being vague and ambiguous. Specifically, the term "indemnification agreement" is vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, without the benefit of understanding any "judgment that may be entered against ETT in this action," Respondent is unable, at this time, to have the requisite knowledge to properly respond to the Request. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiff s case.

ETourandTravel's vagueness objections are frivolous—the request is clear in all respects. The existence of an indemnity agreement that might cover a judgment in this lawsuit could lead to evidence concerning the willfulness of Defendants' actions, which would entitle Gonzalez to treble damages. 47 U.S.C. § 227(b)(3). Indemnity agreements are subject to discovery for that purpose. *See Hermosilla v. Coca-Cola Co.*, No.

10-21418-CIV-MOORE, 2010 WL 5437258, at *5 (S.D. Fla. Dec. 27, 2010). For the

same reasons discussed above concerning Request No. 1, ETourandTravel's objection to

discovery that is "not reasonably related to issues of class certification" is without merit.

Accordingly, the Court should compel ETourandTravel to produce all documents

responsive to Request No. 21.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all DOCUMENTS and/or ESI referring or relating to the number of SUBSCRIBERS who received THE CALLS

**RESPONSE:** Respondents object to the Request as being overly broad, burdensome and oppressive. Respondents object to the Request to the extent the requested production would include DOCUMENTS and/or ESI concerning classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Subject to and without waiving Respondent's General and Specific objections, Respondent states that documents specifically relating to Plaintiff that are responsive to the Request have been produced as part of Respondents' initial disclosures.

For the same reasons discussed above concerning Request No. 3,

ETourandTravel's objection that Gonzalez cannot request documents relevant to class

certification is without merit. For the same reasons discussed above concerning Request

No. 1, ETourandTravel's objection to discovery that is "not reasonably related to issues

of class certification" is without merit. ETourandTravel has produced nothing to indicate

the number of cellular telephone subscribers that it has robodialed. That number is

plainly relevant to class certification. Accordingly, the Court should compel

ETourandTravel to produce all documents responsive to Request No. 23.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all DOCUMENTS and/or ESI referring or relating to the purpose of THE CALLS.

**RESPONSE:** Respondents object to the Request as being vague and ambiguous. Specifically, the term "purpose" is vague and undefined as used therein. Respondent objects to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving Respondents' General and Specific objections, Respondents state that the purpose of the subject calls to Plaintiff was for purposes of collecting a debt owed by Plaintiff. Respondents respond that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

ETourandTravel's fourth affirmative defense states in part that "Defendants did not contact the Plaintiff for any telemarketing **purpose** as contemplated by the TCPA and Plaintiff provided her consent for Defendants to call her." Answer ¶ 50 (emphasis added). ETourandTravel understands very well the meaning of the word "purpose" and the relevance of the purpose of its autodialed telephone calls in this case. For the same reasons discussed above concerning Request No. 3, ETourandTravel's objection that Gonzalez cannot request documents relevant to class certification is without merit. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 27.

**REQUEST FOR PRODUCTION NO. 28**: Please produce DOCUMENTS and/or ESI sufficient to IDENTIFY ETT's shareholders, owners, members and/or partners from May 29, 2009 to the present.

**RESPONSE**: Respondents object to the Request as being overly broad, burdensome and oppressive. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Specifically, the identification of Respondents' "shareholders, owners, members and/or partners from May 29, 2009 to the present" has no bearing on Plaintiff's attempt to certify her purported classes. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiff's case.

The claims in this case are not only against ETourandTravel, but also against officers and other control persons who may be liable for ETourandTravel's TCPA violations due to their personal participation in the TCPA violations, or under principles of vicarious liability, alter ego or acting in concert. *See* Complaint ¶ 3.3-3.8. Gonzalez is entitled to take discovery into who controlled and directed ETourandTravel during the class period. For the same reasons discussed above concerning Request No. 1, ETourandTravel's objection to discovery that is "not reasonably related to issues of class certification" is without merit. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request No. 28.

**REQUEST FOR PRODUCTION NO. 29**: Please produce all agreements in effect between ETT and Oasis Travel Group between June 1, 2002 and the present time.

**RESPONSE**: Respondents object to the Request as being vague and ambiguous. Specifically, the term "agreements" is vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Specifically, the identification of Respondents' alleged "agreements" with Oasis Travel Group has no bearing on Plaintiff s attempt to certify her purported classes.

There is nothing vague about the term "agreements" as used in this request. Any agreements between ETourandTravel and Oasis Travel Group are highly relevant, because ETourandTravel claims that Gonzalez was its former customer, but the only evidence it has produced refers only to Oasis Travel Group. *See* Answer ¶ 47 ("Plaintiff is a former customer of the Defendants who purchased a travel package and other services."); Daudt Decl. ¶ 2, Exhibit 1 (screen shots referencing "Oasis Travel Group"). For the same reasons discussed above concerning Request No. 1, ETourandTravel's

objection to discovery that is "not reasonably related to issues of class certification" is

without merit.  Accordingly, the Court should compel ETourandTravel to produce all

documents responsive to Request No. 29.

**REQUEST FOR PRODUCTION NO. 31**: Please produce all DOCUMENTS relating to your First Affirmative Defense alleged in paragraph no. 47 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 38**: Please produce all DOCUMENTS relating to your Eighth Affirmative Defense alleged in paragraph no. 54 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 41:** Please produce all DOCUMENTS relating to your Third Class Action Affirmative Defense alleged **in** paragraph no. 57 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 43:** Please produce all DOCUMENTS relating to your Fifth Class Action Affirmative Defense alleged in paragraph no. 59 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 44:** Please produce all DOCUMENTS relating to your Sixth Class Action Affirmative Defense alleged in paragraph no. 60 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 45**: Please produce all DOCUMENTS relating to your Seventh Class Action Affirmative Defense alleged in paragraph no. 61 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 46**: Please produce all DOCUMENTS relating to your Eighth Class Action Affirmative Defense alleged in paragraph no. 62 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 47:** Please produce all DOCUMENTS relating to your Ninth Class Action Affirmative Defense alleged in paragraph no. 63 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 48:** Please produce all DOCUMENTS relating to your Tenth Class Action Affirmative Defense alleged in paragraph no. 64 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 49:** Please produce all DOCUMENTS relating to your Eleventh Class Action Affirmative Defense alleged in paragraph no. 65 Defendants' Answer and Affirmative Defenses.

**IDENTICAL RESPONSES TO REQUEST NOS. 31, 38, 41 and 43-49:**
Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

ETourandTravel has not provided a privilege log that complies with 2626(b)(5)(A), and should be ordered to do so. While its responses to Requests Nos. 31, 38, 41 and 43-49 state that it has produced responsive documents, referring to the five pages of documents attached to its Initial Disclosures, it is obvious that ETourandTravel has not produced all of the documents responsive to these Requests. For example, nothing in the five pages that it has produced explains how Oasis Travel Group is related to ETourandTravel, which would be necessary to explain the allegation in ETourandTravel's first affirmative defense that Gonzalez was a prior customer. Similarly, the five pages of documents that ETourandTravel has produced contain no evidence whatsoever that would support ETourandTravel's eighth affirmative defense that it has allegedly established policies and procedures to satisfy the "Safe Harbor Provisions" of the TCPA. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request Nos. 31, 38, 41 and 43-49.

**REQUEST FOR PRODUCTION** NO. 32: Please produce all DOCUMENTS relating to your Second Affirmative Defense alleged in paragraph no. 48 Defendants' Answer and Affirmative Defenses.

**RESPONSE**: Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, Opinions, or legal theories of Respondents' counsel. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.

ETourandTravel has not provided a privilege log that complies with 2626(b)(5)(A), and should be ordered to do so. For the same reasons discussed above concerning Request No. 1, ETourandTravel's objection to discovery that is "not reasonably related to issues of class certification" is without merit. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request Nos. 32.

**REQUEST FOR PRODUCTION NO. 40:** Please produce all DOCUMENTS relating to your Second Class Action Affirmative Defense alleged in paragraph no. 56 Defendants' Answer and Affirmative Defenses.

**REQUEST FOR PRODUCTION NO. 42:** Please produce all DOCUMENTS relating to your Fourth Class Action Affirmative Defense alleged in paragraph no. 58 Defendants' Answer and Affirmative Defenses.

**IDENTICAL RESPONSES TO REQUEST NOS. 40 AND 42:**
Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that, at this time, no known documents are responsive to the Request (as the putative class member have not been certified by this Court). However, Respondents reserve the right to supplement their response to this Request.

ETourandTravel has not provided a privilege log that complies with 2626(b)(5)(A), and should be ordered to do so. Although not stated as an objection, ETourandTravel's response that "no known documents are responsive to the Request (as the putative class member have not been certified by this Court)" indicates that ETourandTravel is withholding responsive documents on the grounds that Gonzalez is

not entitled to obtain discovery on class certification issues. For the same reasons discussed above concerning Request No. 3, Gonzalez is entitled to discovery on class certification issues. Accordingly, the Court should compel ETourandTravel to produce all documents responsive to Request Nos. 40 and 42.

## E. Conclusion

For the reasons set forth herein, Gonzalez respectfully requests this Court to compel ETourandTravel to produce all documents responsive to Plaintiff's First Set of Requests for Production as set forth herein, and grant such other and further relief as this Court deems just and proper, including an award of fees and costs incurred in bringing this motion to the extent such an award is available under the circumstances.

**LOCAL RULE 3.01(G) CERTIFICATE**

The undersigned certifies that she conferred with counsel for Defendants in a good faith in an effort to reach agreement on a resolution of the matters at issue in this discovery dispute, but the parties were unable to agree.

RESPECTFULLY SUBMITTED AND DATED this 13th day of January, 2014.

TERRELL MARSHALL DAUDT
& WILLIE PLLC


By:  /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
Beth E. Terrell, *Trial Counsel,*
 *Admitted Pro Hac Vice*
Michael D. Daudt, *Trial Counsel,*
 *Admitted Pro Hac Vice*
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: bterrell@tmdwlaw.com
Email: mdaudt@tmdwlaw.com

Stefan Coleman, *Trial Counsel*
Florida Bar No. 30188
LAW OFFICES OF STEFAN COLEMAN
201 South Biscayne Blvd., 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Email: law@stefancoleman.com

*Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I, Michael D. Daudt, hereby certify that on January 13, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> K. Michael Swann, Florida Bar #0442410
> SNYDERBURN, RISHOI & SWANN, LLP
> 2250 Lucien Way, Suite 140
> Maitland, Florida 32751
> Telephone: (407) 647-2005
> Facsimile: (407) 647-1522
> Email: mswann@srslaw.net
>
> Joseph C. Sullivan, *Admitted Pro Hac Vice*
> TAYLOR, ENGLISH, DUMA LLP
> 1600 Parkwood Circle, Suite 400
> Atlanta, Georgia 30339
> Telephone: (770) 434-6868
> Facsimile: (770) 434-7376
> Email: jsullivan@taylorenglish.com
>
> *Attorneys for Defendants*

DATED this 13th day of January, 2014.

> TERRELL MARSHALL DAUDT
> & WILLIE PLLC
>
>
> By: /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
> Michael D. Daudt, *Trial Counsel,*
>   *Admitted Pro Hac Vice*
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 350-3528
> Email: mdaudt@tmdwlaw.com