IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:13-cv-827-Orl-36TBS

AMPARITO GONZALEZ, individually and on
behalf of all others similarly situated,

                              Plaintiff,

      v.

ETOURANDTRAVEL, INC., a Florida
corporation; KOSMAS GROUP
INTERNATIONAL, INC., a Florida corporation;
STEVEN P. KOSMAS, individually; and
J. LANCE CROFT, individually,

                              Defendants.

_____/

**DECLARATION OF MICHAEL D. DAUDT IN SUPPORT OF PLAINTIFF
AMPARITO GONZALEZ'S MOTIONS TO COMPEL
INTERROGATORY ANSWERS AND PRODUCTION OF DOCUMENTS
RESPONSIVE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION**

I, Michael D. Daudt, declare as follows:

1.      I am a member of the law firm of Terrell Marshall Daudt & Willie PLLC

("TMDW"), co-counsel of record for Plaintiff in this matter.  I am admitted to practice

before this Court and am a member in good standing of the bars of the States of

Washington and California.  I respectfully submit this declaration in support of Plaintiff

Amparito Gonzalez's Motions to Compel Interrogatory Answers and Production of

Documents Responsive to Plaintiff's First Set of Requests for Production.  Except as

otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.     Attached hereto as <u>Exhibit 1</u> is a true and accurate copy of five pages of documents which Defendants produced on October 17, 2013, as part of their Initial Disclosures.  To date, these are the only documents Defendants have produced.  The documents reference "Oasis Travel Group," but do not reference any of the Defendants. The documents appear to show a balance due in the amount of $25.

3.     In their interrogatory responses, Defendants objected to providing any information about calls to class members or other issues relating to class certification. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of a portion of Defendant's Objections and Responses to Plaintiff's First Interrogatories.

4.      Defendants also objected to providing any information about calls to class members or other issues relating to class certification in their responses to Plaintiff's Requests for Production of Documents.  Attached hereto as <u>Exhibit 3</u> is a true and correct copy of a portion of Defendant's Objections and Responses to Plaintiff's First Request for Production of Documents. No privilege log has been provided by Defendant ETourandTravel, Inc.

I declare under penalty of perjury under the laws of the State of Florida and the United States of America that the foregoing is true and correct.

EXECUTED in Seattle, Washington, this 13th day of January, 2014.


/s/ Michael D. Daudt*, Admitted Pro Hac Vice*
Michael D. Daudt, *Admitted Pro Hac Vice*

<u>CERTIFICATE OF SERVICE</u>

I, Michael D. Daudt, hereby certify that on January 13, 2014, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

> K. Michael Swann, Florida Bar #0442410
> SNYDERBURN, RISHOI & SWANN, LLP
> 2250 Lucien Way, Suite 140
> Maitland, Florida  32751
> Telephone: (407) 647-2005
> Facsimile: (407) 647-1522
> Email:  mswann@srslaw.net
>
> Joseph C. Sullivan, *Admitted Pro Hac Vice*
> TAYLOR, ENGLISH, DUMA LLP
> 1600 Parkwood Circle, Suite 400
> Atlanta, Georgia  30339
> Telephone: (770) 434-6868
> Facsimile:  (770) 434-7376
> Email:  jsullivan@taylorenglish.com
>
> *Attorneys for Defendants*

DATED this 13th day of January, 2014.

> TERRELL MARSHALL DAUDT
>    & WILLIE PLLC
>
>
> By:  /s/ Michael D. Daudt, *Admitted Pro Hac Vice*
>      Michael D. Daudt, *Trial Counsel,*
>        *Admitted Pro Hac Vice*
>      936 North 34th Street, Suite 300
>      Seattle, Washington  98103-8869
>      Telephone:  (206) 816-6603
>      Facsimile:  (206) 350-3528
>      Email:  mdaudt@tmdwlaw.com

# — EXHIBIT 1 —

Customer Package Purchase Screen

```
File  Edit  Setup  Control  Window  Help
Browse Items    Use Arrow keys to scroll      <F9> PGUP  <F10> PGDN
<ESC> or <DEL> Exit    <F5> View Details/Extend Exp    <F6> Charges
--------------------------- PURCHASE MAINTENANCE ---------------------1 of 1
Purchase : 687584    Purch Date: 06/17/2002   Status: A   Cancel Date:
Sales Aff: 1148    OASIS TRAVEL GROUP         Lead:          ePerk:
Customer : 851159    LUGO, AMPARITO ( AMBER )                   Reff:
Telemrktr: 1148    STEVE MORRIS, OASIS TRAVE      Ticket Credit: 0.00
Verifier : 1148    MORRIS, STEVE             Print Resv Confs: N

 Date     Qty Product                       Charges   Pymts  Balance  Stat
 -------- --- ----------------------------- -------- -------- -------- ----
 06/17/02  1 CLOP (1587)                      398.00   398.00    0.00   A
              (3 - Orlando/Kissimmee Hotels)
              (2 - Greater Daytona Hotels)
              (2 - Key West Hotels)
              (1 - 1Wk Economy Car - FL Only)
              (1 - 2 SunCruz or Sterling Tks)
 03/12/03  1 New 6month PKG After Exp. (2086)   0.00     0.00    0.00   A
 07/01/03  1 Drive From Home (Full) (1937)     99.00    99.00    0.00   A
 07/01/03  3 Full-Size Car - Extra Day (1488) 144.00   144.00    0.00   A
 07/01/03  3 Out-Of-State Car Pickup (1903)    30.00    30.00    0.00   A
 08/19/03  1 CXL/CHG FEE $25.00 (290)          25.00     0.00   25.00   A
 08/20/03  1 Out-Of-State Car Pickup (1903)    10.00    10.00    0.00   A
 08/20/03  1 Full-Size Car - Extra Day (1488)  48.00    48.00    0.00   A
                                             -------- -------- --------
    13 Line(s)    Future Pymt Bal: 0.00        754.00   729.00   25.00
```

Customer Contact Information Screen

Package Payment Screen



```
File  Edit  Setup  Control  Window  Help
MENU:   Add    paYments   RevFuture   Items   Cmts   Exit
Add a Payment
-------------------------- PAYMENT MAINTENANCE --------------------------1 of 1
Purchase #: 687584          Purchase Date: 06/17/2002         Status ID: A
                                                              Cxl Date:
Purchaser : 851159    LUGO, AMPARITO ( AMBER )
Affiliate : 1148      OASIS TRAVEL GROUP                 Ticket Credit: 0.00

 Purch Dt  Qty  Product                   Charges    Payments   Balance  S
 --------  ---  -----------------------   --------   --------   --------  -
 06/17/02   1   CLOP                        398.00     398.00       0.00  A
 03/12/03   1   New 6month PKG After Exp      0.00       0.00       0.00  A
 07/01/03   1   Drive From Home (Full)       99.00      99.00       0.00  A
 07/01/03   3   Full-Size Car - Extra Da    144.00     144.00       0.00  A
 07/01/03   3   Out-Of-State Car Pickup      30.00      30.00       0.00  A
 08/19/03   1   CXL/CHG FEE $25.00           25.00       0.00      25.00  A
 08/20/03   1   Out-Of-State Car Pickup      10.00      10.00       0.00  A
 08/20/03   1   Full-Size Car - Extra Da     48.00      48.00       0.00  A
                                          --------   --------   --------
                                Totals:     754.00     729.00      25.00
```

Package Reservation Screen

```
File  Edit  Setup  Control  Window  Help
Reservations:█ Browse   Print   SendMail   Modify   Exit
Browse Reservations
-------------------------- PURCHASE MAINTENANCE ---------------------1 of 1
Purchase : 687584    Purch Date: 06/17/2002   Status: A   Cancel Date:
Sales Aff: 1148    OASIS TRAVEL GROUP        Lead:           ePerk:
Customer : 851159    LUGO, AMPARITO ( AMBER )              Reff:
Telemrktr: 1148      STEVE MORRIS, OASIS TRAVE    Ticket Credit: 0.00
Verifier : 1148      MORRIS, STEVE             Print Resv Confs: N

Resv No  Type  Product  Description              Begin      End      Stat  ChkIn
-------  ----- -------- -----------------------  ---------  -------- ----  -----
1061202  HOTEL   1366  NSB Coconut Palms 1BR     08/28/03  08/30/03  C
1061203  HOTEL    248  ORLANDO Rosen Plaza       08/25/03  08/28/03  A      Y
1061935  CAR     1226  1Wk Economy Car - FL Only 08/21/03  09/01/03  A
```

Call History Screen (From Noble Contact Management System)



# — EXHIBIT  2 —

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMPARITO GONZALEZ,
individually and on behalf
of all others similarly situated,

      Plaintiff,

      v.                    Case No. 6:13-cv-827-Orl-36TBS

ETOURANDTRAVEL, INC., a
Florida corporation; KOSMAS
GROUP INTERNATIONAL, INC., a
Florida corporation; STEVEN P.
KOSMAS, individually; and
J. LANCE CROFT, individually,

      Defendants.

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

COME NOW, ETourandTravel, Inc., Kosmas Group International, Inc.,

Steven P. Kosmas and J. Lance Croft, named as Defendants in this civil action

(hereinafter collectively referred to as "Respondents"), by and through the

undersigned counsel of record, and submit their Objections and Responses to

Plaintiff's First Interrogatories ("Interrogatories"), responding as follows:

Lance Croft and others identified in Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to the Interrogatory.

**INTERROGATORY NO. 3**: With respect to THE CALLS, please state: (a) the number of THE CALLS placed by ETT and/or by any THIRD PARTY on behalf of ETT; (b) the PERSON(S) and/or entities responsible for placing THE CALLS; (c) the dates THE CALLS were placed, (d) the identity of the PERSON(S) and/or entities called; (e) the number of THE CALLS that were answered by a PERSON (versus by a voicemail or other answering system) and the identities of those PERSONS; (f) the identity (number/s) of all outgoing telephone lines (including the area code) which were used in transmitting THE CALLS; and (g) the identity of the telephone companies, carriers, and/or any THIRD PARTIES which were used to place THE CALLS.

**ANSWER**:

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the

- 8 -

Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same would seek the disclosure of protected trade secrets under federal and state law. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, pursuant to Fed.R.Civ.P. 33(d), that the answer may be determined by examining, auditing, compiling, abstracting, or summarizing the documents which Respondents produced as part of their Initial Disclosures. By way of further response, Respondents state that no "THIRD PARTIES" were utilized in connection with the CALLS made to Plaintiff.

**INTERROGATORY NO. 4**: With respect to THE CALLS: (a) identify the sources of the phone numbers to whom THE CALLS were made; (b) describe the manner in which the list of phone numbers was compiled and/or acquired; and (c) IDENTIFY the PERSON(S) and/or entities who compiled and/or acquired the phone numbers.

**ANSWER:**

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court

and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, Plaintiff provided her express permission to be contacted at her telephone number.

**INTERROGATORY NO. 5:** State whether ETT maintains a DATABASE and/or other list of entities and PERSONS to whom automated or pre-recorded telephone calls are made and, if so, how such DATABASE and/or other list has been compiled and the form in which such DATABASE and/or other list is maintained. If such a DATABASE and/or list exists, state YOUR POLICY as to how and when PERSONS and entities are removed from the DATABASE.

**ANSWER:**

Respondents object to the Interrogatory as being overly broad, burdensome and oppressive. Specifically, the term "PERSON" is not limited to members of the putative classes Plaintiff seeks to certify. Moreover, the terms and conditions of the TCPA do not cover and/or protect any and all contact with such PERSONS, nor does Plaintiff's claim (or the TCPA) concern the alleged DATABASE of Respondents. Respondents object to the Interrogatory to the extent same seeks

- 10 -

discovery on matters that are not reasonably related to issues of class certification. Accordingly, Respondents object to the Interrogatory as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6**: Describe the purpose or purposes of THE CALLS made by ETT or made by any THIRD PARTY on behalf of ETT.

**ANSWER**:

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the terms "purpose" and "purposes" are vague and undefined as used therein. Moreover, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that the "purpose" of said CALLS was in reference to a pre-existing debt owed by Plaintiff.

**INTERROGATORY NO. 7:** Did the PERSONS or entities IDENTIFIED in YOUR answer to Interrogatory No. 3 as PERSONS or entities to whom THE CALLS were made provide prior express consent to receive THE CALLS?   If YOUR answer to this Interrogatory is "yes," state how and to whom such consent was given.

**ANSWER:**

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "prior express consent" is vague and undefined as used therein.   Moreover, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative.   Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   As related specifically to the alleged CALLS made to Plaintiff, Respondents state that Plaintiff did provide "prior express consent" by way of her established and existing business relationship.

**INTERROGATORY NO. 8:** State whether the individuals or entities IDENTIFIED in YOUR answer to Interrogatory No. 3 as PERSONS or entities to

- 12 -

whom THE CALLS were made had an established business relationship with ETT and, if so, state all facts which support the existence of the established business relationship, IDENTIFY all DOCUMENTS and/or ESI which support or pertain to it, and IDENTIFY all witnesses with knowledge of any such facts.

**ANSWER**:

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "prior express consent" is vague and undefined as used therein. Moreover, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that Plaintiff did provide "prior express consent" by way of her established and existing business relationship. By way of further response, and pursuant to Fed.R.Civ.P. 33(d), Respondents state that the answer may be determined by examining, auditing, compiling, abstracting, or summarizing the documents which Respondents produced as part of their Initial Disclosures.

**ANSWER**:

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the terms "communications" and "meetings" are vague and undefined as used therein.  Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Accordingly, Respondents object to the Interrogatory as being overly broad, burdensome and oppressive.

**INTERROGATORY NO. 13:** Describe the POLICIES and/or practices through which ETT has determined that it or a THIRD PARTY will contact a person or entity by telephone on ETT's behalf with an automated or prerecorded message, and indicate whether and how such POLICIES and practices have been revised since May 29, 2009.

**ANSWER**:

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "practices" is vague and undefined as used therein. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.  Accordingly, Respondents object to the Interrogatory as being overly broad, burdensome and oppressive.

**INTERROGATORY NO. 14**: Provide the names and addresses of all PERSONS known to have made requests to stop being contacted by ETT or complaints about telephone calls made to them by ETT or by any THIRD PARTY acting on behalf of ETT, including but not limited to requests and/or complaints made by mail, e-mail or telephone, requests and/or complaints submitted to any government agency, requests and/or complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce or other consumer advice or protection organization, or any other organization of any kind.

**ANSWER**:

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the term "complaints" is vague and undefined as used therein. Respondents object to the Interrogatory as being overly broad, burdensome and oppressive. Specifically, alleged "complaints" by PERSONS are not covered by the terms of the TCPA or the subject of Plaintiff's Complaint. Accordingly, Respondents object to the Interrogatory as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Interrogatory to the extent same would

- 17 -

seek the disclosure of protected trade secrets under federal and state law. As related specifically to Plaintiff, Respondents state that Plaintiff alleges to have made a do-not-call request, the same being honored, in response to "telephone calls" from Respondents.

**INTERROGATORY NO. 15:** IDENTIFY each lawsuit in state and/or federal court, including small claims court, in which ETT or any THIRD PARTIES acting on its behalf was a named party and in which the plaintiff's claims arose under any state or federal laws regulating ATDS-generated or other pre-recorded or automated telephone calls.

**ANSWER**:

Respondents object to the Interrogatory as being overly broad, burdensome and oppressive. Respondents object to the Interrogatory as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Subject to and without waiving Respondents' General and Specific objections, Respondents state that any and all such "lawsuits" are a matter of public record and the information sought is as accessible to Plaintiff as it is to Respondents.

**INTERROGATORY NO. 16**: Identify all insurance policies that may provide coverage for the acts alleged by Plaintiff and provide: (a) the names of the insured(s) and insurer(s); (b) the address and telephone numbers of the insurer(s); (c) a description of the coverages provided; and (d) IDENTIFY all communications between ETT and the insurer(s) that relate to this lawsuit.

**ANSWER**:

Respondents object to the Interrogatory as being overly broad, burdensome and oppressive. Respondents object to the Interrogatory as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. By way of further response, Respondents are not aware of any such insurance policies at this time. As discovery is ongoing, Respondents reserve their right to supplement their response to this Interrogatory.

**INTERROGATORY NO. 17:** IDENTIFY all indemnity agreements through which ETT may seek defense or indemnity in this lawsuit and provide: (a) the names of the indemnitor; (b) the address and telephone numbers of the indemnitor; (c) the agreement under which such indemnity may arise; and (d)

IDENTIFY all communications between ETT and the indemnitor that relate to this lawsuit.

**ANSWER:**

Respondents object to the Interrogatory as being vague and ambiguous. Specifically, the terms "defense" and "indemnity" are vague and undefined as used therein. Respondents object to the Interrogatory as calling for information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Interrogatory to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiff's case. Respondents object to the Interrogatory to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions and theories of Respondents' counsel.

Respectfully submitted this 30th day of October, 2013.

/s/ K. Michael Swann
K. MICHAEL SWANN
Snyderburn, Rishoi & Swann, LLP
2250 Lucien Way, Suite 140
Maitland, Florida 32751
Telephone:   (407) 647-2005
Facsimile:   (407) 647-1522
mswann@srslaw.net
Trial Counsel for Defendants

/s/ Joseph C. Sullivan
JOSEPH C. SULLIVAN
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
Telephone:   (770) 434-6868
Facsimile:   (770) 434-7376
jsullivan@taylorenglish.com
Trial Counsel for Defendants
*Admitted Pro Hac Vice*

— **EXHIBIT  3** —

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMPARITO GONZALEZ,
individually and on behalf
of all others similarly situated,

       Plaintiff,

      v.                    Case No. 6:13-cv-827-Orl-36TBS

ETOURANDTRAVEL, INC., a
Florida corporation; KOSMAS
GROUP INTERNATIONAL, INC., a
Florida corporation; STEVEN P.
KOSMAS, individually; and
J. LANCE CROFT, individually,

       Defendants.

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COME NOW, ETourandTravel, Inc., Kosmas Group International, Inc.,

Steven P. Kosmas and J. Lance Croft, named as Defendants in this civil action

(hereinafter collectively referred to as "Respondents"), by and through the

undersigned counsel of record, and submit their Objections and Responses to

Plaintiff's First Request for Production of Documents ("Requests"), responding as

follows:

discovery sought by Plaintiff that does not specifically relate to either (i) her ability to serve as a class representative or (ii) class certification issues in which Plaintiff will serve as the purported class representative.

Subject to the foregoing, Respondents respond to each Request specifically as follows:

## I. **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Please produce all non-attorney-client-privileged DOCUMENTS and/or ESI used to craft responses to Plaintiff's First Set of Interrogatories.

### **RESPONSE:**

Respondents object to the Request to the extent same is vague and ambiguous. Specifically, the phrase "used to craft responses" is vague and undefined as used therein. Respondents object to the Request to the extent same is overly broad, burdensome and oppressive. Respondents object to the Request to the extent same calls for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks to intrude upon the attorney work product privilege. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class

certification.  Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 2:** Produce the written script(s) of any and all live or pre-recorded calls made by ETT, or by THIRD PARTIES acting on ETT's behalf.

**RESPONSE:**

Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.  Respondents object to the Request to the extent same is overly broad, burdensome and oppressive.  Specifically, the terms and conditions of the Telephone Consumer Protection Act ("TCPA") do not serve to protect "any and all live or pre-recorded calls."  Respondents object to the Request to the extent same calls for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving Respondents' General and Specific objections, Respondents state that, in connection with the calls made to Plaintiff, no known documents are responsive to the Request.  As discovery is ongoing, Respondents reserve the right to supplement their response to the Request.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any lists, DATABASE(s), DOCUMENTS and/or ESI identifying or listing the names, addresses, telephone numbers, and email addresses of PERSONS to whom THE CALLS were made, including historical copies of any such DATABASE(s) or any other DOCUMENTS showing, or which can be used in reconstructing, the history of any such DATABASE since May 29, 2009.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same would seek the disclosure of protected trade secrets under federal and state law.

**REQUEST FOR PRODUCTION NO. 4:** Please produce any and all DOCUMENTS and/or ESI referring or relating to any and all THIRD PARTIES or PERSONs that placed THE CALLS to Plaintiff or any class member.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all DOCUMENTS and/or ESI demonstrating that Plaintiff or any class member gave prior express consent to receive the telephone call(s) made to them by ETT or by any THIRD PARTY acting on ETT's behalf.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the classes of potential claimants have not been certified by this Court and, moreover, Plaintiff herself cannot be designated as a

representative of said classes. Accordingly, there are no "class members" at this time. As such, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged telephone call(s) made to Plaintiff, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all DOCUMENTS and/or ESI demonstrating that Plaintiff or any class member had an established business relationship with ETT prior to receiving the telephone call made to them by ETT, or any THIRD PARTY acting on ETT's behalf.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the classes of potential claimants have not been certified by this Court and, moreover, Plaintiff herself cannot be designated as a representative of said classes. Accordingly, there are no "class members" at this time. As such, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. As related specifically to the alleged telephone

call(s) made to Plaintiff, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all DOCUMENTS and/or ESI evidencing any POLICIES, procedures or practices governing contact with SUBSCRIBERS on their telephones via automated and/or pre-recorded telephone calls, and a timeline indicating the periods during which each such POLICY was in effect. DOCUMENTS and/or ESI responsive to this Request shall include but not be limited to those related to POLICIES regarding: (1) whether and how to verify that a SUBSCRIBER provided consent to receive automated and/or pre-recorded calls; (2) the frequency with which pre-recorded or automated calls shall occur; (3) the duration and content of each automated message; and (4) the circumstances or reasons triggering the addition of a SUBSCRIBER'S name to the list of those receiving automated and/or pre-recorded calls.

**RESPONSE:**

Respondent objects to the Request as being overly broad, burdensome and oppressive. Specifically, the term "SUBSCRIBER" is not limited to members of the putative classes Plaintiff seeks to certify. Moreover, the terms and conditions

of the TCPA do not cover and/or protect any and all "contact" with such SUBSCRIBERS.   Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.

**REQUEST FOR PRODUCTION NO. 8:** Please produce copies of all marketing materials, business plans, memoranda, minutes, or other DOCUMENTS and/or ESI which reference the use of predictive dialers to contact PERSONS and/or entities, including any such materials directed to THIRD PARTIES identified in YOUR answer to Interrogatory No. 9.

**RESPONSE:**

Respondent objects to the Request as vague and ambiguous.   Specifically, the term "predictive dialer" is vague and undefined as used therein.   Respondent objects to the Request as being overly broad, burdensome and oppressive. Specifically, the terms and conditions of the TCPA do not cover and/or protect any and all "marketing" efforts of Respondents, nor does Plaintiff's claim (or the TCPA) concern the marketing materials of Respondents.   Accordingly, Respondents further object to the Request as calling for documents and tangible

**REQUEST FOR PRODUCTION NO. 12:** Please produce copies of all letters, e-mails and other communication between ETT and each of the THIRD PARTIES identified in YOUR answer to Interrogatory No. 9.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the Request has no connection to the members of the putative classes Plaintiff seeks to certify. Moreover, the terms and conditions of the TCPA do not cover and/or protect any and all "marketing," nor does Plaintiff's claim (or the TCPA) concern the marketing materials of Respondents (or their communication(s) with THIRD PARTIES). Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all DOCUMENTS and/or ESI in which a THIRD PARTY advised ETT of the date THE CALLS were made, the numbers and the area codes called, the names and addresses of the persons and/or entities called and/or any other information regarding THE CALLS.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, all of Respondents' communication(s) with THIRD PARTIES are not subject to TCPA review. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, at this time, no known documents are responsive to the Request. However, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 14:** Please produce any and all lists and/or DATABASE(s) containing the names, addresses, telephone numbers and email addresses of all PERSONS known to have made complaints concerning telephone calls made to them by ETT or by any and all THIRD PARTIES on ETT's behalf, including but not limited to complaints to ETT by mail, e-mail or telephone, complaints submitted to any government agency, complaints submitted to any other organization such as the Better Business Bureau, Chamber of Commerce or other consumer advice or protection organization, or any other organization of any kind.

**RESPONSE:**

Respondents object to the Request as being vague and ambiguous. Specifically, the term "complaints" is vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, any and all alleged "complaints" by PERSONS are not covered by the terms of the TCPA or the subject of Plaintiff's Complaint. Accordingly, Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class

certification.  Respondents object to the Request to the extent same would seek the disclosure of protected trade secrets under federal and state law.  As related specifically to Plaintiff, Respondents state that, at this time, no known documents are responsive to the Request.  However, Respondents reserve the right to supplement their response to this Request.

**REQUEST   FOR   PRODUCTION   NO.  15:**  Please   produce   all DOCUMENTS and/or ESI, including but not limited to DATABASES, identifying or listing the names, addresses, telephone numbers, and email addresses of PERSONS who requested that ETT or any THIRD PARTY acting on ETT's behalf stop making automated and/or prerecorded calls to them.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive.  Specifically, the term "PERSONS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative.  Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, any and all of Respondents' alleged communication(s) with THIRD

PARTIES are not subject to TCPA review. Respondents object to the Request to the extent same would seek the disclosure of protected trade secrets under federal and state law. As related specifically to the alleged CALLS made to Plaintiff, Respondents state that, at this time, no known documents are responsive to the Request. However, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 16:** Please produce any and all DOCUMENTS and/or ESI referring or relating to any and all POLICIES, procedures and practices regarding whether and how YOU honor a SUBSCRIBER'S request that YOU, and/or any THIRD PARTY marketing ETT's products and/or services on its behalf, stop making automated and/or pre-recorded calls to his or her telephone and/or place him or her on YOUR internal "do not call list."

**RESPONSE:**

Respondents object to the Request as being vague and ambiguous. Specifically, the terms "procedures" and "practices" are vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, alleged "requests" by "SUBSCRIBERS" are not covered by the terms of the TCPA or the subject of

Plaintiff's Complaint.   Moreover, the term "SUBSCRIBERS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative.   Accordingly, Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. As related specifically to Plaintiff, Respondents state that, at this time, no known documents are responsive to the Request.  However, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 17:** Please produce any and all lists and/or DATABASE(s) containing any "do not call list" provided by YOU to any of the THIRD PARTIES identified in response to Interrogatory No. 9.

**RESPONSE:**

Respondents object to the Request as being overly broad, burdensome and oppressive.  Specifically, the term "do not call list" includes classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a

representative.  Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, any and all of Respondents' alleged communication(s) with THIRD PARTIES are not subject to TCPA review.  As related specifically to the alleged "do not call" request in relation to Plaintiff, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

**REQUEST   FOR   PRODUCTION   NO.   18:**  Please   produce   all DOCUMENTS and/or ESI constituting and/or referring to audits, investigations, inquiries, or studies, by YOU or any THIRD PARTY, including but not limited to any independent auditor, law firm, or governmental agency, regarding the compliance by ETT and/or any THIRD PARTY marketing ETT's products and/or services on its behalf, with any state and/or federal laws or regulations involving the use of automated and/or pre-recorded calls.

**RESPONSE:**

Respondents object to the Request as being vague and ambiguous. Specifically, the term "audits," "investigations," inquiries" and "studies" are vague and undefined as used therein.  Respondents object to the Request to the extent the requested production would include DOCUMENTS and/or ESI concerning classes

of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative.    Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.

**REQUEST FOR PRODUCTION NO. 19**: Please produce copies of all pleadings for matters identified in YOUR answer to Interrogatory No. 15.

**RESPONSE**:

Respondents object to the Request as being vague and ambiguous. Specifically, the Request as stated is nonsensical (e.g. "produce copies of all pleadings for matters identified . . ."). Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege and/or attorney work product privilege.  Subject to and without waiving Respondents' General and Specific objections, and to the extent Respondent comprehends the Request as stated, Respondent states that, at this time, no known documents are responsive to the Request.  However, Respondent reserves the right to supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 20**: Please produce all DOCUMENTS and/or ESI relating to insurance coverage of the acts alleged by Plaintiff, including all communications with any insurers, including, but not limited to, reservation of rights letters.

**RESPONSE**:

Respondents object to the Request as being overly broad, burdensome and oppressive. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiff's case. Subject to and without waiving Respondents' General and Specific objections, Respondents state that, at this time, no known documents are responsive to the Request. However, Respondent reserves the right to supplement its response to this Request.

**REQUEST FOR PRODUCTION NO. 21**: Please produce copies of indemnification agreements between ETT and any THIRD PARTY, under which

that THIRD PARTY might be responsible for satisfying all or part of a judgment that may be entered against ETT in this action.

**RESPONSE**:

Respondents object to the Request as being vague and ambiguous. Specifically, the term "indemnification agreement" is vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive. Specifically, without the benefit of understanding any "judgment that may be entered against ETT in this action," Respondent is unable, at this time, to have the requisite knowledge to properly respond to the Request. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiff's case.

**REQUEST FOR PRODUCTION NO. 22**: Please produce all communications between ETT and any THIRD PARTY that may provide a defense or indemnity for ETT in this lawsuit.

**RESPONSE:**

Respondents object to the Request as being vague and ambiguous. Specifically, the terms "defense" and "indemnity" are vague and undefined as used therein. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiff's case. Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions and theories of Respondents' counsel.

**REQUEST FOR PRODUCTION NO. 23**:    Please produce all DOCUMENTS and/or ESI referring or relating to the number of SUBSCRIBERS who received THE CALLS.

**RESPONSE**:

Respondents object to the Request as being overly broad, burdensome and oppressive. Respondents object to the Request to the extent the requested production would include DOCUMENTS and/or ESI concerning classes of

potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative.   Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Subject to and without waiving Respondent's General and Specific objections, Respondent states that documents specifically relating to Plaintiff that are responsive to the Request have been produced as part of Respondents' initial disclosures.

**REQUEST FOR PRODUCTION NO. 24**:    Please produce all DOCUMENTS and/or ESI referring or relating to the amount of revenue ETT garnered as a result of THE CALLS.

**RESPONSE**:

Respondents object to the Request as being vague and ambiguous. Specifically, the term "revenue" is vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive.   Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class

**REQUEST FOR PRODUCTION NO. 27**:   Please produce all DOCUMENTS and/or ESI referring or relating to the purpose of THE CALLS.

**RESPONSE**:

Respondents object to the Request as being vague and ambiguous. Specifically, the term "purpose" is vague and undefined as used therein. Respondent objects to the Request as being overly broad, burdensome and oppressive. Specifically, the term "CALLS" as defined by Plaintiff includes, by its very definition, classes of potential claimants that have not been certified by this Court and, moreover, classes of potential claimants to which Plaintiff herself cannot be designated as a representative. Accordingly, Respondents further object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving Respondents' General and Specific objections, Respondents state that the purpose of the subject calls to Plaintiff was for purposes of collecting a debt owed by Plaintiff. Respondents respond that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 28**: Please produce DOCUMENTS and/or ESI sufficient to IDENTIFY ETT's shareholders, owners, members and/or partners from May 29, 2009 to the present.

**RESPONSE**:

Respondents object to the Request as being overly broad, burdensome and oppressive. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Specifically, the identification of Respondents' "shareholders, owners, members and/or partners from May 29, 2009 to the present" has no bearing on Plaintiff's attempt to certify her purported classes. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to the merits of Plaintiff's case.

**REQUEST FOR PRODUCTION NO. 29**: Please produce all agreements in effect between ETT and Oasis Travel Group between June 1, 2002 and the present time.

**RESPONSE**:

Respondents object to the Request as being vague and ambiguous.

Specifically, the term "agreements" is vague and undefined as used therein. Respondents object to the Request as being overly broad, burdensome and oppressive. Respondents object to the Request as calling for documents and tangible things that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification. Specifically, the identification of Respondents' alleged "agreements" with Oasis Travel Group has no bearing on Plaintiff's attempt to certify her purported classes.

**REQUEST FOR PRODUCTION NO. 30**:   Please produce all DOCUMENTS and/or ESI relating to Plaintiff's purchase of products and/or services from ETT and/or its agents, at any time from June 1, 2002 to the present.

**RESPONSE**:

Respondent objects to the Request to the extent same seeks to intrude upon the attorney/client privilege and/or attorney work product privilege. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 31**:   Please produce all DOCUMENTS relating to your First Affirmative Defense alleged in paragraph no. 47 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel.   Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 32**:   Please produce all DOCUMENTS relating to your Second Affirmative Defense alleged in paragraph no. 48 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents'

counsel. Respondents object to the Request to the extent same seeks discovery on matters that are not reasonably related to issues of class certification.

**REQUEST FOR PRODUCTION NO. 33**: Please produce all DOCUMENTS relating to your Third Affirmative Defense alleged in paragraph no. 49 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 34**: Please produce all DOCUMENTS relating to your Fourth Affirmative Defense alleged in paragraph no. 50 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon

counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 38**:   Please produce all DOCUMENTS relating to your Eighth Affirmative Defense alleged in paragraph no. 54 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 39**:   Please   produce   all

DOCUMENTS relating to your First Class Action Affirmative Defense alleged in

paragraph no. 55 Defendants' Answer and Affirmative Defenses.

   **RESPONSE**:

   Respondents object to the Request to the extent same seeks to intrude upon

the attorney/client privilege, the attorney work product privilege and/or seeks the

mental impressions, conclusions, opinions, or legal theories of Respondents'

counsel.   Subject to and without waiving Respondents' General and Specific

objections, Respondents state that non-privileged documents responsive to the

Request have been produced as part of Respondents' Initial Disclosures. As

discovery is ongoing, Respondents reserve the right to supplement their response

to this Request.

   **REQUEST FOR PRODUCTION NO. 40**:   Please   produce   all

DOCUMENTS relating to your Second Class Action Affirmative Defense alleged

in paragraph no. 56 Defendants' Answer and Affirmative Defenses.

   **RESPONSE**:

   Respondents object to the Request to the extent same seeks to intrude upon

the attorney/client privilege, the attorney work product privilege and/or seeks the

mental impressions, conclusions, opinions, or legal theories of Respondents'

counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that, at this time, no known documents are responsive to the Request (as the putative class member have not been certified by this Court). However, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 41**:   Please produce all DOCUMENTS relating to your Third Class Action Affirmative Defense alleged in paragraph no. 57 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserves the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 42**:   Please produce all DOCUMENTS relating to your Fourth Class Action Affirmative Defense alleged in paragraph no. 58 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel.   Subject to and without waiving Respondents' General and Specific objections, Respondents state that, at this time, no known documents are responsive to the Request (as the putative class member have not been certified by this Court).  However, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 43**:   Please produce all DOCUMENTS relating to your Fifth Class Action Affirmative Defense alleged in paragraph no. 59 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents'

counsel.   Subject to and without waiving Respondent's General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 44**:   Please   produce   all DOCUMENTS relating to your Sixth Class Action Affirmative Defense alleged in paragraph no. 60 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel.   Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 45**:   Please   produce   all DOCUMENTS relating to your Seventh Class Action Affirmative Defense alleged in paragraph no. 61 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel.   Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 46**:   Please   produce   all DOCUMENTS relating to your Eighth Class Action Affirmative Defense alleged in paragraph no. 62 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents'

- 42 -

counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 47**: Please produce all DOCUMENTS relating to your Ninth Class Action Affirmative Defense alleged in paragraph no. 63 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon the attorney/client privilege, the attorney work product privilege and/or seeks the mental impressions, conclusions, opinions, or legal theories of Respondents' counsel. Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondent reserves the right to supplement their response to this Request.

**REQUEST FOR PRODUCTION NO. 48**:      Please   produce   all
DOCUMENTS relating to your Tenth Class Action Affirmative Defense alleged in
paragraph no. 64 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon
the attorney/client privilege, the attorney work product privilege and/or seeks the
mental impressions, conclusions, opinions, or legal theories of Respondents'
counsel.    Subject to and without waiving Respondents' General and Specific
objections, Respondents state that non-privileged documents responsive to the
Request have been produced as part of Respondents' Initial Disclosures. As
discovery is ongoing, Respondents reserve the right to supplement their response
to this Request.

**REQUEST FOR PRODUCTION NO. 49**:      Please   produce   all
DOCUMENTS relating to your Eleventh Class Action Affirmative Defense
alleged in paragraph no. 65 Defendants' Answer and Affirmative Defenses.

**RESPONSE**:

Respondents object to the Request to the extent same seeks to intrude upon
the attorney/client privilege, the attorney work product privilege and/or seeks the
mental impressions, conclusions, opinions, or legal theories of Respondents'

counsel.   Subject to and without waiving Respondents' General and Specific objections, Respondents state that non-privileged documents responsive to the Request have been produced as part of Respondents' Initial Disclosures. As discovery is ongoing, Respondents reserve the right to supplement their response to this Request.

Respectfully submitted this 30th day of October, 2013.

/s/ K. Michael Swann
K. MICHAEL SWANN
Snyderburn, Rishoi & Swann, LLP
2250 Lucien Way, Suite 140
Maitland, Florida 32751
Telephone:  (407) 647-2005
Facsimile:   (407) 647-1522
mswann@srslaw.net
Trial Counsel for Defendants

/s/ Joseph C. Sullivan
JOSEPH C. SULLIVAN
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
Telephone:  (770) 434-6868
Facsimile:   (770) 434-7376
jsullivan@taylorenglish.com
Trial Counsel for Defendants
*Admitted Pro Hac Vice*