IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMPARITO GONZALEZ,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

ETOURANDTRAVEL, INC.,
a Florida corporation;
KOSMAS GROUP INTERNATIONAL, INC.,
a Florida corporation;
STEVEN P. KOSMAS, individually; and
J. LANCE CROFT, individually,

    Defendants.
_____/

Case No.
6:13-cv-00827-CEH-TBS

## DEFENDANTS' DISPOSITIVE MOTION FOR SUMMARY JUDGMENT AND INCOPORATED MEMORANDUM OF LAW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants ETourandTravel, Inc. ("ETour"), Kosmas Group International, Inc. ("KGI"), Steven P. Kosmas ("Kosmas") and J. Lance Croft ("Croft") respectfully move this Court to enter summary judgment in their favor on the entirety of Plaintiff's Class Action Complaint for Damages and Injunctive Relief and Demand for Jury Trial (hereinafter, Plaintiff's "Complaint").

## I. INTRODUCTION

In her Complaint, Plaintiff (a resident of New Jersey represented by counsel from Washington) includes only one (1) paragraph of factual allegations purporting to demonstrate that Defendants collectively violated the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227) (the "TCPA"). However, since Plaintiff owes Defendants a debt, and since Plaintiff provided her cell phone number in connection with the underlying transaction giving rise to that debt, the provisions of the TCPA are inapplicable. Consequently, Defendants must be granted summary judgment as to the entirety of Plaintiff's Complaint (and her corresponding request for class certification must be dismissed).

## II. ARGUMENT AND CITATION OF AUTHORITIES

Defendants are entitled to summary judgment because it is undisputed that they did not violate the TCPA. Since Plaintiff cannot individually maintain her claim against Defendants, her request to serve as a class representative of a putative class action lawsuit must also be dismissed.

Pursuant to Federal Rule of Civil Procedure 56(c), a district court's decision to grant summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A district court's central inquiry when determining whether it should grant a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Indeed, a district court must grant summary judgment against a party who fails to establish the existence of an element essential to her case for which she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (*per curiam*) (internal citation and quotations omitted). The purported dispute must have a "real basis in the record" in order to constitute a "genuine" dispute of fact. *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002) (quoting *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742)(1996). In other words, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005).

1. <u>Plaintiff Cannot Maintain Her Complaint</u>

Plaintiff asserts only one (1) paragraph in her Complaint containing substantive allegations ostensibly demonstrating that Defendants violated the TCPA. That paragraph states as follows:

> Plaintiff began receiving automated calls from Defendants on her cellular telephone beginning October 15, 2012. Plaintiff *believes* that the initial call *may have been* made by Defendants using an artificial voice. Plaintiff continued to receive *numerous calls* from Defendants thereafter *several times per week*. In October 2012, Plaintiff requested that Defendants stop calling her, to no avail. Plaintiff continued to receive automated calls from Defendants after requesting that they stop calling, including on November 14, 2012 and December 3, 2012.

*See* Plaintiff's Complaint, ¶ 5.3 (Dkt. 1) (emphasis added).

In response to Defendants' First Interrogatories, Plaintiff failed to provide a scintilla of factual evidence demonstrating when such calls (calls which Plaintiff's Complaint alleges were "numerous" and made "several times per week") were allegedly made, by whom such calls were allegedly made, for what purpose such calls were allegedly made, or any specific recollection of such calls whatsoever. For instance, when asked to "identify all . . . oral communications" between Defendants and Plaintiff which related in any way to the claims asserted in her Complaint, Plaintiff stated:

> Beginning on or about October 15, 2012, I began receiving automated telephone calls from Defendants on my cellular telephone. I received *calls on approximately a weekly basis* until December 2012. *The caller stated that the call was made on behalf of "ETourandTravel." I stated that I was not interested and requested that my number be removed from their call list.*

*See* Declaration of Joseph C. Sullivan in Support of Defendants' Motion for Summary Judgment attached hereto as Exhibit "A," ¶ 5, *see also* Plaintiff's Responses to

4

Defendants' First Interrogatories attached hereto as Exhibit "B," ¶ 4 (emphasis added). Notably, Plaintiff does not allege that a commercial solicitation was made by any Defendant during the one (1) phone call she could actually recollect. Instead, without providing the substance or the alleged purpose of the solitary call she can recall, Plaintiff merely states that she "was not interested." *Id.*

Plaintiff was provided yet another opportunity to demonstrate a commercial solicitation in violation of the TCPA in response to an interrogatory requesting that Plaintiff "[i]dentify and describe each and every call [she] received from Defendants that is the subject of [her] Complaint." In response, Plaintiff merely directed Defendants to the previous interrogatory response quoted above. *See* Exhibit B, ¶ 11. Plaintiff was specifically queried to "[q]uote or paraphrase the communications in all of the 'calls' [she] identified in Paragraph 5.3 of [her] Complaint." *Id.*, ¶ 12. Once again, Plaintiff directed Defendants to her previous interrogatory response. When asked to provide (i) the subject matter, fact, issue or allegation to which each alleged call related; (ii) the date and time of each alleged call; (iii) the location, and the identity of any and all witnesses to the alleged call and; (iv) the contents of each call, including the exact words, Plaintiff once again directed Defendants to her previous interrogatory response and stated: "*I understood* the calls for be for purposes of marketing travel packages. *I do not recall the exact date and time of each call.* The calls were received on my cellular telephone, primarily at home." *Id.*, ¶ 13 (emphasis added).

Finally, Plaintiff was plainly queried: "Do you allege a solicitation of products and/or services was made in any of the 'calls' you identified in Paragraph 5.3 of your

Complaint? If so, please fully identify and describe same." *Id.*, ¶ 19. Plaintiff's response, as to be expected, was to refer Defendants to her previous interrogatory response stated herein. *Id.*

In other words, Plaintiff did not submit a verified response demonstrating a commercial purpose to any of the alleged calls upon which her Complaint is based. Instead, Plaintiff provides her own, self-serving interpretation as to what the alleged calls were in reference. While Plaintiff states she cannot recall the time and date of "each" call, or even a cursory description of such calls – she actually fails to provide a time, date or substantive synopsis of <u>any</u> alleged call.

In sum, Plaintiff has not provided any factual basis to support her claim that any commercial solicitation violative of the TCPA was ever made by Defendants. Plaintiff does not provide any facts regarding when such calls were made, by whom such calls were made, what was said in such calls, what Plaintiff said in such calls, whether a solicitation of any type was made, or any other information beyond receiving one solitary phone call in which she "understood" the call to be reference to the marketing of a travel package. The reasoning is clear (as will be demonstrated herein): no commercial solicitation of Plaintiff was ever made by Defendants during any alleged call to Plaintiff. Indeed, as will be shown, any and all alleged calls to Plaintiff were made with her consent and for purposes of collecting upon a debt owed to Defendants. As a result, such calls are beyond the purview of the TCPA and Defendants are consequently entitled to summary judgment on the entirety of Plaintiff's Complaint. Any arguments (or post-

filing "factual" assertions) by Plaintiff to the contrary would be beyond dubious given the allegations of her Complaint and her verified responses to Defendants' discovery.

2.  Plaintiff's Claim is Not Subject to TCPA Review

For the purposes of the TCPA, the FCC has defined a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. 64.1200(f)(12). However, the FCC has also determined that "all debt-collection circumstances are excluded from the TCPA's coverage." *Meadows v. Franklin Collection Service, Inc.*, 414 Fed. App'x. 230, 235 (11th Cir. 2011). In fact, "the FCC has unequivocally stated that 'calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing' and 'calls regarding debt collection . . . are not subject to the TCPA's separate restrictions on 'telephone solicitations.''" *Id.* at 236 (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC rcd. 559, 565, ¶ 11 (Jan. 4, 2008)). In other words, the calls alleged by Plaintiff (even to the extent this Court accepts they were actually made) are exempt from TCPA scrutiny if they were made in connection with Defendants' attempts to collect upon Plaintiff's debt (assuming, solely for the purposes of this Motion, that there is any basis for Plaintiff's claims for "alter ego and acting in concert").

The allegations that Defendants contacted Plaintiff via her cell phone, or that Plaintiff made requests to be placed on Defendants' "do-not-call" registry, do not alter this Court's consideration. In a very recent ruling issued by this very Court, it was

confirmed that calls made to cell phones are exempt from the TCPA if made for purposes of collecting a debt. *See Conklin v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 172716 (M.D. Fla. December 8, 2013). In *Conklin*, this Court concluded that debt-collection calls to cell phones were exempt from the TCPA "if the debtor had prior express consent, in the form of a number provided by the debtor during the transaction giving rise to that debt." *Id.*, *11 (citing *FCC Ruling*, 23 FCC Rcd. at 564-65).

Here, Plaintiff's claims fail because any and all phone calls she allegedly received were in connection with Defendants' efforts to collect upon her debt, not any commercial solicitation within the purview of the TCPA. Plaintiff was a pre-existing customer of ETour, having purchased a vacation package from ETour in 2002. *See* Declaration of J. Lance Croft attached hereto as Exhibit "C," ¶ 5 ("Croft Declaration"). When Plaintiff purchased her travel package from ETour, she was entered in ETour's internal database. *See* Screenshot of Plaintiff's activity with ETour attached as Exhibit "1" to the Croft Declaration; *see also* Croft Declaration (Exhibit C), ¶ 7. While that database references an Oasis Travel Group ("Oasis"); Plaintiff's package was actually purchased from and through ETour (while the sale of the ETour travel package to Plaintiff was conducted by Oasis as the sales agent for ETour, Plaintiff directly paid ETour the purchase price for her travel package and ETour provided Plaintiff with fulfillment of the travel package). *See* Croft Declaration (Exhibit C), ¶ 6. As part of her purchase of the travel package from ETour, Plaintiff provided her cell phone number (973-202-0860). *Id.*, ¶ 7. That cell phone number was consequently placed in ETour's internal database. *Id.*

Not only did Plaintiff purchase a travel package from ETour, but she utilized same a year later in 2003 to visit a KGI resort in Orlando, Florida. *Id.*, ¶ 8. As part of her travel, Plaintiff incurred a $25.00 debt owed to ETour as a "cancellation/change fee" in connection with her purchase of a rental car. *Id.*, ¶ 9. Plaintiff never paid ETour the $25.00 debt she incurred as a result of her rental car change/cancellation. *Id.*, ¶ 10.

Due to various business and economic considerations, ETour implemented a "balance due list" of consumers owing it a debt in the fall of 2012. *Id.*, ¶ 11. As part of this debt collection process, ETour attempted to contact Plaintiff on six occasions: October 15, 2012 at 10:44 a.m., 1:14 p.m. and 3:35 p.m.; on November 14, 2012 at 10:49 a.m.; on November 29, 2012 at 6:25 p.m.; and on November 30, 2012 at 9:39 a.m. *Id.*, ¶ 12; *see also* Exhibit "2" to Croft Declaration (Exhibit C). The calls on October 15, 2012 and November 14, 2012 received no answer. *See* Croft Declaration (Exhibit C) ¶ 13. The calls made on November 29, 2012 and November 30, 2012 received an answering machine response. *Id.*, ¶ 14. On December 3, 2012, ETour called Plaintiff at 1:13 p.m. *Id.*, ¶ 15. Plaintiff answered and ETour made an attempt to collect upon its debt for a total of twenty-nine (29) seconds. *Id.* At that time, ETour was unsuccessful in collecting the balance due from Plaintiff and she requested to be placed on ETour's "do-not-call" list. *Id.*, ¶ 16. ETour honored Plaintiff's request despite any legal obligation to do so.[1] *Id.*, ¶ 17.

---

[1] Not only are debt collection efforts outside the scope of the TCPA, but verbal revocations of express consent are ineffectual. *See Osorio v. State Farm Bank*, 859 F. Supp. 2d 1326, 1331 (S.D. Fla., May 9, 2012).

At all of the times referenced hereinabove, Plaintiff, a pre-existing customer of ETour, was called at the same phone number she provided to ETour as part of her purchase and use of her vacation package. *Id.*, ¶¶ 7, 12. It was the purchase and use of her vacation package that served as the transaction giving rise to Plaintiff's debt to ETour. *Id.*, ¶¶ 9-10.

Thus, the evidence of record demonstrates that Plaintiff owed Defendants a debt in connection with her purchase of a travel package. In order to collect upon that debt, Defendants contacted Plaintiff at the same phone number she provided as part of her purchase of that travel package (i.e., as a part of the underlying transaction giving rise to her debt to Defendants). Consequently, and pursuant to controlling law, the terms of the TCPA are inapplicable to the conduct alleged and Defendants must be granted summary judgment as to the entirety of Plaintiff's Complaint (and her request for class certification must likewise be dismissed).

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant their Motion for Summary Judgment and dismiss the entirety of Plaintiff's Complaint and her request for class certification.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted this 27th day of January, 2014.

/s/ K. Michael Swann
K. MICHAEL SWANN
Snyderburn, Rishoi & Swann, LLP
2250 Lucien Way, Suite 140
Maitland, Florida 32751
Telephone: (407) 647-2005
Facsimile: (407) 647-1522
mswann@srslaw.net
Trial Counsel for Defendants

/s/ Joseph C. Sullivan
JOSEPH C. SULLIVAN
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
jsullivan@taylorenglish.com
Trial Counsel for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I electronically filed *DEFENDANTS' DISPOSITIVE MOTION FOR SUMMARY JUDGMENT AND INCOPORATED MEMORANDUM OF LAW* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Plaintiff's attorneys of record:

Stefan Coleman, Esq.
Law Offices of Stefan Coleman
201 South Biscayne Boulevard – 28th Floor
Miami, Florida 33131
law@stefancoleman.com

Beth E. Terrell, Esq.
Michael D. Daudt, Esq.
Terrell Marshall Daudt & Willie PLLC
936 North 34th Street – Suite 400
Seattle, Washington 98103
bterrell@tmdwlaw.com
mdaudt@tmdwlaw.com

Dated: January 27, 2014                Respectfully submitted,

                                                         By:   /s/ Joseph C. Sullivan
                                                                JOSEPH C. SULLIVAN