IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMPARITO GONZALEZ,
individually and on behalf of all
others similarly situated,

Plaintiff,

v.

Case No.
6:13-cv-00827-CEH-TBS

ETOURANDTRAVEL, INC.,
a Florida corporation;
KOSMAS GROUP INTERNATIONAL, INC.,
a Florida corporation;
STEVEN P. KOSMAS, individually; and
J. LANCE CROFT, individually,

Defendants.
______________________________________/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AMPARITO GONZALEZ'S MOTION TO COMPEL INTERROGATORY ANSWERS AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS[1]**

COME NOW, Defendants ETourandTravel, Inc. ("ETour"), Kosmas Group International, Inc. ("KGI"), Steven P. Kosmas ("Kosmas") and J. Lance Croft ("Croft") (with ETour, KGI, Kosmas and Croft being hereinafter collectively referred to as "Defendants"), by and through the undersigned counsel of record, and pursuant to Local Rule 3.01(b), respond in opposition to Plaintiff's Motion to Compel Interrogatory Answers and Motion to Compel Production of Documents (hereinafter collectively

---

[1]Defendants have filed concurrently herewith a Motion and Brief for Summary Judgment as to the entirety of Plaintiff's Complaint. Accordingly, Defendants respectfully request, for the sake of judicial economy and efficiency, that the Court rule on Defendants' Motion for Summary Judgment before this Court is forced to burden itself with any discovery disputes between the parties (including Defendants' own Motion to Compel regarding Plaintiff's wholly deficient discovery responses).

referred to as Plaintiff's "Motion to Compel"), showing this Court the following:

## I. INTRODUCTION

Plaintiff cannot serve as a class action representative for the putative classes she seeks to certify in this case because her own claim is subject to summary dismissal. As a result, Defendants have moved for summary judgment on the entirety of Plaintiff's Complaint concurrently with the filing of this Response in Opposition.

Already appreciating the perilous continuation of this case, Plaintiff seeks to deflect this Court's prescribed initial duty – to ascertain whether Plaintiff has standing, and thus, to determine whether her proposed class action litigation can even be maintained – by involving the Court in a wholly unnecessary discovery dispute. Plaintiff's aim is simple: move to compel massive discovery concerning years of Defendants' business records and practices that have nothing to do with Plaintiff's own legally deficient claim against Defendants just to attempt to find a viable class representative. However, controlling law makes it clear that such "fishing expeditions" are not permitted under the federal or local rules. Consequently, Plaintiff's Motion to Compel must be denied, and pursuant to Defendants' Motion for Summary Judgment, her entire Complaint should be dismissed.

In Defendants' response to Plaintiff's Interrogatories and Request to Produce, Defendants stated:

> [Defendants] object to the Interrogatories [and Request to Produce] to the extent same are overly broad, burdensome and oppressive and/or to the extent same seek information that is not limited to issues concerning class certification. Discovery should be tailored to the issues involved in the particular case. *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F. 2d. 1566, 1570 (11th Cir. 1992); quoting *Robbins v. Camden City*

> *Bd. Of Educ.*, 105 F.R.D. 49, 55 (D. N.J. 1985). **In the class action context, one of the first issues confronting the court is class certification**. *See* Fed.R.Civ.P. 23(c)(1) ("**As soon as practicable** after the commencement of the action brought as a class action, **the court shall determine by order whether it is to be so maintained**"). "This language of the Rule, the cases, and the texts, **all articulate the desirability of determining maintainability of the class action at what has been called 'the earliest pragmatically wise moment**.'" *See Brisco Huff v. N.D. Cass Co. of Al.*, 485 F.2d 710, 712 (5th Cir. 1973);[2] quoting *Berman v. Narragansett Racing Ass'n*, 48 F.R.D. 333, 336 (D.R.I. 1969). To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow class-wide discovery on the certification issue and postpone class-wide discovery on the merits. *See Washington*, 959 F. 2d. at 1570-1571.
>
> **Consequently, [Defendants] reserve the right to seek a hearing with the Court to engage in the analysis of whether Plaintiff can seek to serve as the class representative in this civil action, and, if so, the certification of the classes sought "before the complex and often expensive machinery of the class action moves ahead."** *See Brisco* 485 F.2d at 712. A "**preliminary evidentiary hearing may be appropriate or essential as a part of the vital management role which the trial judge must exercise in class actions to assure that they are both meaningful and manageable.**" *Id.* at 713. As a result of this "essential" gate-keeping function, and in a good faith attempt to resolve any discovery disputes, **[Defendants] will seek the assistance of the Court in resolving any and all disputes related to the scope of discovery sought by Plaintiff that does not specifically relate to either (i) her ability to serve as a class representative in this civil action or (ii) class certification issues in which Plaintiff will serve as the purported class representative.**

*See* Declaration of Joseph C. Sullivan in Support of Defendants' Response in Opposition to Plaintiff's Motion to Compel ("Sullivan Declaration") attached hereto as Exhibit "A," ¶ 5; *see also* Defendants' Responses and Objections to Plaintiff's First Interrogatories

---

[2]Former Fifth Circuit decisions rendered before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

and Request to Produce ("Class Action Certification Objection"), attached hereto as Exhibit "B" (emphasis added).

Plaintiff's Motion to Compel not only ignores this detailed explanation of Defendants' position, but disregards the essential gate-keeping function of this Court in ensuring that Plaintiff can (i) pursue her own claim and (ii) serve as a class action representative for the classes she seeks to certify. Instead, Plaintiff simply urges this Court to compel Defendants to produce thousands of pages of documents concerning years of Defendants' business activities, including trade secret and other confidential information, irrespective of whether Plaintiff has standing to bring this lawsuit. Consequently, Defendants respectfully request that this Court reserve ruling on Plaintiff's Motion to Compel pending its determination of whether Plaintiff can maintain her own claim against Defendants.

Should this Court deny Defendants' Motion for Summary Judgment, Defendants would then respectfully request a preliminary evidentiary hearing at the "earliest pragmatically wise moment" in order to ascertain whether Plaintiff can serve as a class representative for the proposed classes she seeks to represent. Such basic class action issues should be resolved before Plaintiff is permitted to impose on Defendants the overbroad and burdensome discovery she requests this Court to compel.

## II. ARGUMENT AND CITATION OF AUTHORITIES

The objections contained in Defendants' responses to Plaintiff's Interrogatories and Request to Produce all concern one central theme: since Plaintiff has not shown, and cannot show, that she can maintain her own claim against Defendants, she consequently

cannot serve as a class action representative for the putative classes she seeks to certify. In other words, Plaintiff cannot force Defendants to engage in the "complex and often expensive machinery" of class action discovery when she lacks the requisite standing required by this Court to maintain her own individual claim against Defendants.

Whether to allow discovery is within the discretion of the district court. *See Walewski v. Zenimax Media, Inc.*, 502 Fed. App'x. 857 (11th Cir. 2012). "In the class action context, one of the first issues confronting the court is class certification." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Fed.R.Civ.P. 23(c)(1) ("As soon as practicable after the commencement of the action brought as a class action, the court shall determine by order whether it is to be so maintained")). "To make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow class-wide discovery on the certification issue and postpone class-wide discovery on the merits." *Washington*, 959 F.2d at 1570-1571 (citing *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982)). In *Stewart*, for instance, prison inmates sought class certification to challenge confinement conditions in county jails. The court denied a discovery request for documents about all facets of life in 82 county jails in Mississippi, noting that, although the information might have been "relevant" to the merits of the case, little of it was "necessary or helpful" to the class-certification issue. *Id.* at 332.

Here, Plaintiff's proposed classes cannot be certified, and thus, she cannot seek additional discovery on class-wide issues, since she does not have standing to maintain her own claim. To have standing, a plaintiff must show (1) an "injury-in-fact," (2) a

causal connection between the alleged injury and defendants' challenged action, and (3) that "the injury will be redressed by a favorable decision." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "**Any analysis of class certification must begin with the issue of standing.**" *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) (emphasis added). "Typicality also encompasses the question of the named plaintiff's standing, for '**without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class.**'" *Piazza v. Ebsco Indus.*, 273 F.3d 1341, 1346 (11th Cir. 2011) (emphasis added) (citing *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). Indeed, as stated in *Prado-Steiman*, "it should be obvious that there cannot be adequate typicality between a class and a named representative **unless the named representative has individual standing to raise the legal claims of the class.**" *Prado-Steiman*, 221 F.3d at 1279 (emphasis added).

"Thus, it is well-settled that prior to the certification of a class, and technically speaking **before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class sub-claim.** *Id.* at 1279-1280 (emphasis added); *see also Brown v. Sibley*, 650 F.2d 760, 771 (5th Cir. 1981) (stating that the "constitutional threshold [of standing] must be met before any consideration of the typicality of claims or commonality of issues required for procedural reasons by Fed.R.Civ.P. 23"). "**Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs**

**have representative capacity**, as defined by Rule 23(a), to assert the rights of others." *Griffin*, 823 F.2d at 1482 (emphasis added). "It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert. Rather, 'each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim.'" *Prado-Steiman*, 221 F.3d at 1280 (citing *Griffin*, 823 F.2d at 1483).

To present a case or controversy under Article III, Plaintiff must have a live claim not only at the time the she filed her Complaint, but throughout the litigation. *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987); *see also Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001) (holding that named plaintiff must have Article III standing to represent a putative class). Thus, if Plaintiff's claim is dismissed/rendered moot as a result of Defendants' pending Motion for Summary Judgment, Plaintiff lacks standing to either prosecute her individual claim or to represent the putative classes she seeks to certify. *Tucker*, 819 F.2d at 1033; *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1046 (5th Cir. 1981) ("[I]f the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness."). Consequently, there would be no basis for this Court to concern itself with Plaintiff's Motion to Compel.

Defendants should not be compelled to provide additional discovery responses to Plaintiff on any issue in this case because Plaintiff has no standing to assert her own claim against Defendants. In further support of their position, Defendants have filed

concurrently with this Response a Motion for Summary Judgment seeking dismissal of Plaintiff's claim based on her undisputed lack of standing. As a result, and for the sake of judicial economy and efficiency, a decision on Defendants' pending Motion for Summary Judgment should be issued before this Court is forced to concern itself with discovery on class action matters that are soon to be rendered moot. Should Defendants' Motion for Summary Judgment be denied, Defendants would respectfully request a preliminary evidentiary hearing at the "earliest pragmatically wise moment" in order to ascertain whether Plaintiff can serve as a class representative for the putative classes she seeks to represent.

## III. CONCLUSION

Based on the foregoing facts and law, Defendants respectfully request that this Court deny Plaintiff's Motion to Compel and grant Defendants summary judgment pursuant to their pending Motion for Summary Judgment.

Respectfully submitted this 27th day of January, 2014.

/s/ K. Michael Swann
K. MICHAEL SWANN
Snyderburn, Rishoi & Swann, LLP
2250 Lucien Way, Suite 140
Maitland, Florida 32751
Telephone: (407) 647-2005
Facsimile: (407) 647-1522
mswann@srslaw.net
Trial Counsel for Defendants

/s/ Joseph C. Sullivan
JOSEPH C. SULLIVAN
Taylor English Duma LLP
1600 Parkwood Circle – Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
jsullivan@taylorenglish.com
Trial Counsel for Defendants
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2014, I electronically filed *DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF AMPARITO GONZALEZ'S MOTION TO COMPEL INTERROGATORY ANSWERS AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to Plaintiff's attorneys of record:

Stefan Coleman, Esq.
Law Offices of Stefan Coleman
201 South Biscayne Boulevard – 28th Floor
Miami, Florida 33131
law@stefancoleman.com

Beth E. Terrell, Esq.
Michael D. Daudt, Esq.
Terrell Marshall Daudt & Willie PLLC
936 North 34th Street – Suite 400
Seattle, Washington 98103
bterrell@tmdwlaw.com
mdaudt@tmdwlaw.com

Dated: January 27, 2014

Respectfully submitted,

By: /s/ Joseph C. Sullivan
JOSEPH C. SULLIVAN