UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMPARITO GONZALEZ,

      Plaintiff,

v.                                    Case No:  6:13-cv-827-Orl-36TBS

ETOURANDTRAVEL, INC., KOSMAS
GROUP INTERNATIONAL, INC.,
STEVEN P. KOSMAS and J. LANCE
CROFT,

      Defendants.

_____

## ORDER

Pending before the Court is Plaintiff Amparito Gonzalez's Motion to Compel

Interrogatory Answers (Doc. 44); Plaintiff's Motion to Compel Production of Documents

Responsive to Plaintiff's First Set of Requests for Production (Doc. 45); and Defendants'

Motion to Compel (Doc. 49).   For the reasons that follow, Plaintiff's motions are due to be

granted and Defendants' motion is due to be granted in part and denied in part.

    I.    **Background**

Plaintiff Amparito Gonzalez's complaint alleges that during October through

December 2012, she received more than half a dozen autodialed telephone calls,

sometimes referred to as "robocalls," from Defendants ETourandTravel, Inc. ("ETT"),

Kosmas Group International, Inc. ("Kosmas"), Steven P. Kosmas and J. Lance Croft.[1]

(Doc. 44, ¶ 5.3).   She alleges that these autodialed calls violated the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").   (Id. ¶ 4.2).   She also claims that

_____

[1] Plaintiff alleges that Mr. Kosmas and Mr. Croft are officers and directors of ETT and Kosmas and that all four Defendants are alter egos of one another.   (Doc. 1 at ¶¶ 3.4-3.6).

Defendants violated the TCPA by failing to honor her request to stop calling her. (Id. ¶ 4.3). She seeks damages and injunctive relief under the TCPA on behalf of herself and on behalf of others who have been subjected to autodialed telephone calls from Defendants in violation of the TCPA. (Id. ¶ 6.1). Defendants deny liability and have asserted nineteen affirmative defenses. (Doc. 21).

On May 29, 2013, Plaintiff filed a motion for class certification. (Doc. 2). In that motion, Plaintiff requested the Court abstain from ruling on the issue until "after the completion of discovery on class wide issues, at which time Plaintiff will submit a fulsome memorandum of points and authorities in support of class certification." (Id. at 1). That motion remains pending. Defendants have filed a motion for summary judgment which is also pending. (Doc. 47). In their motion, Defendants argue that it is undisputed that any telephone calls they made to Plaintiff complied with the TCPA, and, therefore, they are entitled to summary judgment. (Id.). They reason that because they are entitled to a summary judgment on Plaintiff's individual claims, her request to serve as class representative of the putative class action must fail. (Id. at 2).

The parties have propounded interrogatories and requests for production to each other and neither side is satisfied with the responses they have received. (Docs. 44-45, 48-49). Their complaints include that Plaintiff asked Defendants to produce 49 categories of documents. (Doc. 48-2). Defendants objected to every request and produced a total of 5 pages of paper. (Id.). By like token, Defendants asked Plaintiff to produce 19 categories of documents, and Plaintiff produced a total of 3 pages of paper in response. (Doc. 49 at 2-3). While the number of pages produced by a party is not dispositive of anything, the numbers here suggest that the parties are not cooperating in discovery. The case is now before the Court on their motions to compel. (Docs. 44-45,

48-49).

## II. Discussion

"The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227 * 2 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). The scope of discovery under Rule 26(b) is broad and includes "discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 507-08, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

"The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This rule generally entitles a civil litigant "to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." Degen v. United States, 517 U.S. 820, 825-26, 116 S.Ct. 1777,135 L.Ed.2d 102 (1996) (internal quotations omitted). "The scope of allowable discovery is determined by the claims (and defenses) raised in the case." Chudasama v. Mazda Mortor Corp., 123 F.3d 1353, 1368(11th Cir. 1997). "Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence." United States v. Capers, 708 F.3d 1286, 1308 (11th Cir. 2013). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. S.L. Sakansky & Associates, Inc. v. Allied

American Adjusting Co. of Florida, LLC, No. 3:05-cv-708-J-32MCR, 2007 WL 2010860, *1 (M.D. Fla. Jul. 6, 2007).

Under Federal Rule of Civil Procedure 33, any party can serve on any other party written interrogatories pertaining to matters within the scope of Fed. R. Civ. P. 26(b). The party upon whom interrogatories are served has 30 days to respond, either by filing answers or objections. Fed. R. Civ. P. 33(b). If the party propounding the interrogatories does not receive a response, then it may request an order compelling disclosure. Fed. R. Civ. P. 37(a). The party resisting discovery carries the burden to show specifically how the objected-to request is unreasonable or otherwise unduly burdensome. See Fed. R. Civ. P. 33(b)(4); Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985); Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000).

Federal Rule of Civil Procedure 34 supplies the procedure for obtaining the production of documents and things in another party's "possession, custody, or control." Fed .R. Civ. P. 34(a)(1). A request to produce must include a reasonably particular description of the items to be inspected; specify a reasonable time and place for the inspection and related acts; and specify the form(s) in which electronically stored information should be produced. Fed. R. Civ. P. 34(b)(1). The recipient of the request has 30 days within to respond. Fed. R. Civ. P. 34(b)(2)(A). In its response, the recipient must state that inspection and related activities will be permitted or object and include the reasons for the objections. Fed. R. Civ. P. 34(b)(2)(B). Motions to compel responses to interrogatories and requests for production under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir.1984).

Defendants argue that the Court should first decide their motion for summary judgment and determine whether Plaintiff has standing to bring this lawsuit before compelling them to produce thousands of pages of documents concerning years of business activity, including confidential and trade secret information.   (Doc. 48 at 4).   If the Court denies their motion for summary judgment, then they maintain the Court should conduct a preliminary evidentiary hearing to determine if Plaintiff can serve as a representative of the proposed class she seeks to represent.   (Id.).   Defendants argue that until the class action issues are resolved, Plaintiff should not be permitted to obtain the discovery she is seeking.   (Id.).

Defendants' argument relies in part, upon Fed. R. Civ. P. 23(c)(1)(A) which states "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."   Some courts have held that "to best serve the ends of fairness and efficiency," class-wide discovery on the certification issue should be allowed first, while class-wide discovery on the merits is postponed.   Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570 (11th Cir. 1992) (citing Stewart v. Winter, 669 F.2d 328, 331 (5th Cir. 1982).

Here, Defendants argue that Plaintiff should not even be permitted to engage in discovery on the certification issue.   They cite Prado-Steiman v. Bush, 221 F.3d 1266, 1279-1280 (11th Cir. 2000), where the court said: "Thus, it is well-settled that prior to certification of a class, and technically speaking before undertaking any formal typicality or commonality review, the district court must determine that at least one named class representative has Article III standing to raise each class sub-claim."   Defendants contend that because Plaintiff lacks standing, she cannot serve as class representative, the class cannot be certified, and, therefore, she should not be permitted to obtain

discovery on class-wide issues.  (Doc. 48 at 5).  What Defendants are saying is that because, in their opinions, Plaintiff's claim is doomed to fail, they should not be burdened with complying with her requests for discovery.  The merits of Plaintiff's claims will be decided by the Court, and possibly, a jury.  And, Defendants' argument ignores the possibility that Plaintiff's discovery will uncover the information necessary to defeat their motion for summary judgment and establish the elements required to certify a class.

Defendants acknowledge that it is within the Court's discretion whether to allow Plaintiff's discovery at this time.  (Id.).  They have initiated their own discovery, and offer no plausible reason why they should be permitted to take discovery while Plaintiff cannot. Defendants also have not sought a protective order, an order bifurcating discovery, or a stay of discovery.  In the absence of a stay or protective order, Plaintiff is entitled to her discovery.  Now, Defendants' objections that Plaintiff's discovery is premature are **OVERRULED**.

Defendants' responses to Plaintiff's requests for production and interrogatories include objections they chose not to argue in their response to Plaintiff's motions to compel.  Regardless, the Court will address those objections, beginning with Defendants' objections that Plaintiff's discovery is overly broad, oppressive, vague, ambiguous, unduly burdensome, compound, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, impermissibly seeks trade secret and privileged information, requires Defendants to draw legal conclusions, and seek to impose obligations on Defendants that are broader than their obligations under applicable law. These objections are of the boilerplate, one size fits all variety, which this and other courts routinely reject.  See Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046 * 3 (M.D. Fla. Apr. 25, 2013); Mendez v. Land Investors,

Corp., No, 2:12-cv-158-FtM-29SPC, 2012 WL 6012906 * 1 (M.D. Fla. Dec. 3, 2012); Arthrex, Inc. v. Parcus Medical, LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050 * 3 (M.D. Fla. Nov. 1, 2012); Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005);   FDIC v. Brudnicki, No. 5:12-cv-00398-RS-GRJ, 2013 WL 2948098 *4   n.4 (N.D. Fla. June 14, 2013); Ochoa v. Empresas ICA, S.A.B., No. 11-23898-CIV, 2012 WL 3260324 * 2 (S.D. Fla. Aug. 8, 2012); Robinson v. City of Arkansas City, Kan., No. 10-1431-JAR-GLR, 2012 WL 603576 * 6 (D. Kan. Feb. 24, 2012); Williams v. Taser Intern., Inc., No. 1:06-CV-0051-RWS, 2007 WL 1630875 * 3 n.3 (N.D. Ga. June 4, 2007); Russell v. Daiichi-Sankyo, Inc., No. CV 11-34-BLG-CSO, 2012 WL 1161435 * 1-2 (D. Mont. Apr. 6, 2012).   Indeed, "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court."   Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 693685 *3 (M.D. Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)).   Accordingly, all of Defendants' boilerplate objections are **OVERRULED**.

Although Defendants repeatedly raised privilege and trade secret as objections, they have not complied with Fed. R. Civ. P. 26(b)(5)(A) which provides: "When a party withholds information otherwise discoverable by claiming the information is privileged . . ., the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications or tangible things not produced or disclosed[.]"   Defendants failed to describe the nature of the privileged documents or why the information sought is confidential or otherwise entitled to protection.   They have not filed a motion for a protective order, they have not entered into a confidentiality agreement with Plaintiff, and

they have not provided a privilege log.[2]   Accordingly, Defendants' objections based upon

trade secret and privilege are also **OVERRULED,** because as this Court has said before,

it is "unaware of any statute, rule, or case authority for the proposition that documents are

not discoverable simply because they contain confidential or sensitive information."

Moss v. Geico Indem. Co., 5:10-cv-104, 2012 WL 682450 *3 (M.D. Fla. Mar. 2, 2012).

In those instances where Defendants did make more detailed objections to

Plaintiff's requests to produce and interrogatories, Plaintiff has provided a rebuttal in her

motions, to which Defendants did not respond.   The Court is persuaded by Plaintiff's

reasoning and explanations, and, therefore, Defendants' more detailed objections are

**OVERRULED**.

Defendants object to certain defined terms employed by Plaintiff including

"CALLS," "SUBSCRIBER," and "PERSONS," on the grounds that they include classes of

potential claimants who have not been certified by the Court and classes of potential

claimants for whom Plaintiff could not be designated as a representative.   For the

reasons already stated, Class certification is not a prerequisite to this discovery, and the

Court is satisfied that these terms do not make Plaintiff's discovery overly broad.

Accordingly, these objections are **OVERRULED**.

Defendants object to certain undefined words and phrases used by

Plaintiff on the ground that they are "vague and undefined as used therein."

These words and phrases include: (1) used to craft responses; (2) predictive

dialer; (3) sales and/or marketing techniques, methods, systems and/or

procedures; (4) complaints; (5) procedures; (6) practices; (7) audits; (8)

---

[2] Defendants include a "GENERAL PRIVILEGE LOG" in their response to Plaintiff's request for production.   However, this is nothing but another boilerplate assertion of the attorney-client and work product privileges.   (Doc. 48-2 at 3-4).

investigations; (9) inquiries; (10) studies; (11) judgment that may be entered against ETT in this action; (12) defense; (13) indemnity; (14) revenue; (15) purpose; and (16) agreements.   The Court finds Defendants' claim to not understand these words and phrases possible but improbable.   If Defendants truly don't understand what these words mean, in the contexts in which they used, then that is something that should have been taken care of during a good faith meet and confer.   When Defendants provide their full responses to Plaintiff's discovery, they shall give all undefined words and phrases their ordinary meanings and if they find that impossible to do, the parties are expected to resolve Defendants' concerns by meeting and conferring.

This brings the Court to Defendants' interrogatories to Plaintiff. Interrogatories 9, 10, 15 and 20 ask Plaintiff to state the factual basis for certain allegations in her complaint.   (Doc. 49 at 6-7).   These are contention interrogatories which call upon Plaintiff to state the evidence upon which she bases certain allegations.   In addition to Plaintiff's boilerplate objections, which the Court overrules, Plaintiff has objected to these interrogatories on the grounds that they "improperly request[ ] that Plaintiff compile and analyze evidence in support of legal theories and claims for relief in contravention of the attorney work produce doctrine, and [are] unduly burdensome."   (Id.). Plaintiff's lawyer has submitted his declaration stating that before filing this lawsuit, he researched Defendants on the internet to learn about their telemarketing operations, other complaints about their practices, and the relationships between the Defendants.   (Doc. 53 at 2).   Counsel argues that the information he obtained is privileged fact work product.   (Doc. 52 at 4).

"The work product doctrine was created to allow attorneys to make careful and thoughtful preparation for litigation, without fear that their adversaries will unfairly benefit from their efforts."   Bridgewater v. Carnival Corp., 286 F.R.D. 636, 639 (S.D. Fla. 2011) (citing Hickman v. Taylor, 329 U.S. 495, 510-11, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).   The work product privilege is codified in Fed. R. Civ. P. 26(b)(3).   The Rule recognizes fact work product, which protects information gathered in anticipation of litigation, and opinion work product, which is the lawyer's mental impressions.   Id.   Fact work product is only discoverable "upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case, and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means."   Id. (quoting Calderon v. Reederei Claus-Peter Offen GmbH & Co., No. 07-61022-civ-Cohn/Seltzer, 2009 WL 1748089 at * 1 (S.D. Fla. June 19, 2009)).

According to Plaintiff, the information in her possession that is responsive to Defendants' contention interrogatories was obtained and assembled in anticipation of litigation.   But, it was not prepared by counsel, or at his direction, as would be the case if, for example, witness statements were obtained in order to file or defend a potential lawsuit.   The information in question is publically available on the internet.   So, while counsel's research may have been done in preparation for filing this case, the information he found was not prepared by or for him, and it does not contain his mental impressions.

The Federal Rules of Civil Procedure require parties to provide the identity "of each individual likely to have discoverable information–along with

the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Parties must also disclose "a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii). Presumably, most, if not all of the information counsel found on the internet was, or will be disclosed as part of Plaintiff's initial disclosures.

Now, the Court **OVERRULES** Plaintiff's objections to Defendants' interrogatories 9, 10, 15 and 20. In answering these interrogatories, Plaintiff is only required to give factual specifics. She is not required to give her lawyer's impressions or analysis of how the law applies to the facts or disclose whether or how the facts will be presented at hearings and the trial.

Defendants also seek an order compelling Plaintiff to answer their interrogatories 11, 12, 13 and 19. (Doc. 49 at 9-13). By these interrogatories, Defendants seek to learn when Plaintiff received offending telephone calls, the duration of the calls, the identity of the caller(s), what was said during the calls, whether any solicitation of products or services was made, and the location and identity of any witnesses to the telephone calls. (Id.). After Defendants filed their motion to compel, Plaintiff supplemented her answers to these interrogatories. (Doc. 53-4). Her lawyer has also filed a paper stating that Plaintiff "has no further recollection at this time beyond what is stated in her supplemental responses." (Doc. 52 at 9). The Court ignores Plaintiff's 3 ½

pages of general objections and goes directly to her supplemental answers to the interrogatories.   It finds that Plaintiff's supplemental answers are sufficient and **DENIES** Defendant's motion to compel these interrogatories.

This brings the Court to Defendants' requests for production 2, 12, 13, 15 and 16.   Each of these requests asks Plaintiff to "produce any and all documents, records or tangible things in Your possession, custody or control that in any way relates to, references, describes, supports, refutes, or pertains to any of the allegations set forth in . . .".   (Doc. 49 at 13-16).   Plaintiff's boilerplate objections to these requests are **OVERRULED**.   Plaintiff responded to each of these requests as follows: "Plaintiff objects on the grounds that this request improperly requires Plaintiff to compile evidence in support of legal theories and claims for relief in contravention of the attorney work product doctrine, and is unduly burdensome."   (Id.).   The Court **OVERRULES** Plaintiff's objection for the same reasons it overruled her assertion of work product privilege in response to Defendant's interrogatories.

When the Court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion.   Fed. R. Civ. P. 37(a)(5)(A).   Exceptions exist if (1) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure was substantially justified; or (3) other circumstances make an award of expenses unjust.   Id.   None of the exceptions are present here.   But, no party is without fault and consequently, each side owes the other legal expenses.   If the Court were to order awards the likely result is that no party would gain or lose and therefore, the exercise is pointless.

Now, it is **ORDERED** that:

1. Plaintiff Amparito Gonzalez's Motion to Compel Interrogatory Answers (Doc. 44) is **GRANTED**; Defendants shall respond in full to Plaintiff's interrogatories numbered: 3-8, 13-15, and 17 within 14 days from the rendition of this Order.

2. Plaintiff Amparito Gonzalez's Motion to Compel Production of Documents Responsive to Plaintiff's First Set of Requests for Production (Doc. 45) is **GRANTED**; Defendants shall respond in full to Plaintiff's requests for production numbered: 1-7, 13-16, 18, 21, 23, 27-29, 31, 32, 38, 40, and 42-49 within 14 days from the rendition of this Order.

3. Defendants' Motion to Compel (Doc. 49) is **GRANTED in part**.   Plaintiff shall respond in full to Defendants' interrogatories numbered: 9, 10, 15 and 20 within 14 days from the rendition of this Order.   Plaintiff shall also respond in full to Defendants' requests for production numbered: 2, 12, 13, 15 and 16 within 14 days from the rendition of this Order.   In all other respects, Defendants' motion is **DENIED**.

4. In fulfilling their discovery obligations, any party asserting a privilege shall produce a privilege log which fully complies with Fed.R.Civ.P. 26(b)(5)(A).

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record